WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
*Attorneys for Defendant Intelli-Heart Services, Inc.*

```
✓ FILED          ___ RECEIVED
___ ENTERED      ___ SERVED ON
              COUNSEL/PARTIES OF RECORD

         DEC 1 4 2018

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE WALKER, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>INTELLI-HEART SERVICES, INC.,<br><br>　　　　　Defendant. | CASE NO: 3:18-cv-00132-MMD-CBC<br><br>[~~Proposed~~]<br>**PROTECTIVE ORDER**<br>Regarding<br><br>**CONFIDENTIALITY OF DOCUMENTS PRODUCED IN LITIGATION** |

Defendant Intelli-Heart Services, Inc. anticipates that discovery will require the parties to disclose records and information that are confidential, proprietary, and sensitive, including because such records may include Defendant's private employment records and proprietary business records, including financial, banking, and tax documents. Defendant Intelli-Heart seeks to protect and prevent the improper dissemination of such confidential and private records and information to third parties, during the course of litigation and after the litigation has ended. Accordingly, the Court hereby issues this *Protective Order Regarding Confidentiality of Documents Produced in Litigation* ("*Protective Order*").

## I.　　PROTECTIVE ORDER

The parties, by and through their respective counsel of record are hereby ordered to protect the confidential nature of certain records and information as may be produced during the course of the above-captioned matter, as follows:

　　　1.　　If any person or entity, whether or not a party to the instant action, produces or receives answers to interrogatories, or documents or other things, which the producing or receiving person or entity considers to be "Confidential Information," as defined in § I(3)(A)(I) *infra*; or

1

    2.    If there is deposition testimony which any person or entity, whether or not a party to the instant action, believes contains "Confidential Information," as defined above; or

    3.    Third parties produce information which the third-parties assert is confidential, the following procedure shall govern pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26 (c) *et. seq.*:

    A.    Any documents (and the contents thereof), things or information falling within the definition of "Confidential Information," set forth in § II(3)(A)(I) *infra*, that are produced may be designated and marked, in whole or in part, without regard to whether redactions are made, "Confidential" by the party producing the documents or information, at the time the documents are delivered to or made available for inspection by any party;

    1.    "Confidential Information" is defined herein as: (a) employment records of any employees or former employees of any party; (b) confidential notes, memoranda, and statements regarding non-party employees; (c) confidential information concerning the discipline and/or termination of non-party employees and former employees; (d) the production of information or documents proprietary to any party, including by way of example and not limitation, bank records, tax records, financial statements, the identity of customers and suppliers; (e) other private information of any party or non-party to the present litigation, including consumer records, *e.g.*, phone bills; (f) financial records and business records of any person or entity, whether a party or non-party to the present litigation; (g) every aspect of all proprietary business information; and (h) medical records, including medical bills and psychological records, and medical information of any person, whether a party or non-party to the present litigation.

    B.    If a party produces to another party items that contain Confidential Information as defined above, that party may designate one or more documents, or a portion of a document, as "Confidential" before producing that document to the other party. Such designation shall be made by marking, stamping or typing the word "Confidential" on each page of the document at the time it is produced to the receiving party's counsel;

    C.    Any party may designate deposition testimony as "Confidential" by orally making such a designation on the record either at the commencement of the deposition, at the time the

1  testimony is given, and/or before the end of that day's questioning. Following such a designation, the
2  court reporter shall mark "Confidential" on the transcript or the portion thereof containing the
3  "Confidential" testimony;

4      D.    In addition, documents or items produced by one party may be designated
5  "Confidential" by the other party, *i.e.*, the receiving party, by:

6          1.    marking the document, in whole or in part, "Confidential" in the same
7  manner as stated above; and

8          2.    then forwarding a copy of the marked document back to the producing
9  party;

10     E.    In this regard, the receiving party seeking the "Confidential" designation may
11 designate, by number, each document it believes should be "Confidential";

12     F.    If the receiving party has no objection to the "Confidential" designation made by
13 the producing party, the receiving party may either expressly notify the producing party or allow the ten
14 calendar-day objection period (set forth below) to lapse. Where there has been no written objection
15 made, once a document or item has been produced and designated as provided herein to the receiving
16 party, the document or item shall be treated as "Confidential," respectively, pursuant to this *Protective*
17 *Order*, until further order of the Court;

18     4.    The following protocol shall apply in the event of an objection to a designation of
19 "Confidential":

20     A.    If there is an objection to the "Confidential" designation, the party so objecting
21 must notify the other party in writing of both the objection and the grounds for the objection within ten
22 calendar days from the date the designation was made or the document(s)/item(s) received, whichever
23 is later, and the procedure in § II(4)(B) *infra*, shall apply;

24     B.    If the parties do not agree that the documents, information or testimony should
25 be treated as confidential, the parties shall attempt to resolve the issue by meeting and conferring. If a
26 resolution does not occur, either party may file a motion with the Court to resolve the dispute. Such
27 motion must be filed within 30 calendar days of receipt of the written objection to the designation,
28 unless stipulated otherwise by counsel. If an objection has been raised, the documents, testimony

and/or information at issue shall be governed by § II (3)(A)-(F), inclusive, of this *Protective Order*, and treated and regarded as "Confidential" from the date of disclosure and/or production until the dispute is resolved informally by the parties or a final order is issued by the Court resolving the dispute. In the event of such motion, the parties having entered into this *Stipulation* and the existence of the Court's *Order* entered thereon shall not affect the burden of proof on any such motion, nor impose any burdens upon any party that would not exist had this *Protective Order* not been entered;

5. A document or testimony, or portion, summary, or abstract thereof, that is to be treated "Confidential" pursuant to this *Protective Order* shall not be disclosed to any persons other than the parties, counsel of record for the parties, attorneys, legal assistants and clerical personnel employed by them, and other persons to whom disclosure is necessary for the purposes of this litigation. (This allows disclosure to the officers, directors, employees or former employees of the parties, persons requested by counsel for any party to furnish technical or expert service or to give expert testimony with regard to the subject matter of the document(s), item(s) or expert testimony for the trial of this action). However, each such person to whom a party makes such disclosure shall read this *Protective Order* and acknowledge in writing that he/she is fully familiar with the terms hereof and agrees to comply with, and be bound by, this *Protective Order* until modified by either further order of the Court or agreement of all the affected parties;

6. Anyone seeking to file any "Confidential" documents, testimony, or information or any pleadings or memorandum purporting to reproduce or paraphrase all or any portion of such confidential material with this Court must first attempt to make such filings confidentially, by seeking to obtain prior leave of Court for filing the same under seal. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court. NOTE: If the document is filed electronically, the appropriate protocol for that purpose will be utilized;

7. If such application for leave of Court to file any document(s) under seal is denied, then the party who sought leave will be relieved, in that instance only, and only as to such documents for which leave of Court was denied, from complying with this stipulation in relation to that filing;

8. Any documents, testimony, and/or information that has been rendered "Confidential"

4

1  under the parties' *Protective Order* is to be used only in the above-captioned action, and may not be
2  used in any other action or for any other purpose unless the party seeking to make such use has
3  acquired the documents, testimony, and/or information from a source independent of the above-
4  captioned action;

5     9.    Within 45 calendar days of the entry of the final order concluding this judicial
6  proceeding, all "Confidential" documents or things; any copies, summaries, and abstracts thereof; or
7  notes relating thereto, shall be returned to the producing party or destroyed by the receiving party
8  (including by being shredded), at the option of the receiving party, with proof or attestation of such
9  destruction of records being transmitted by the receiving party to the producing party, except as
10 otherwise ordered by the Court or stipulated in writing by the parties. Counsel of record shall obtain
11 return of such information, things, and/or documents from any person to whom that counsel has made
12 available the documents or information produced by the other party designated as "Confidential."
13 Notwithstanding any other language contained in this *Order*, each party's counsel of record shall be
14 allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or
15 lodged with the Court, and of all documents designated by both parties or any non-party as
16 "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any
17 type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the
18 attorney work-product doctrine). All such documents and information retained by counsel of record
19 must be maintained in a confidential manner and used only in accordance with this *Order*.

20    10.    This *Protective Order* may be amended, without prior leave of the Court, by the
21 agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case.
22 Nothing herein shall be construed so as to prevent any party from seeking relief from this *Order* at any
23 time;
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

The parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this *Protective Order*.

**IT IS SO ORDERED.**

DATED: 12/14/2018

_____
UNITED STATES MAGISTRATE JUDGE