WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com

*Attorneys for Defendant Intelli-Heart Services, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA** ORDER

| | |
|---|---|
| TERRANCE WALKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INTELLI-HEART SERVICES, INC.; DANNY WEISBURG; VANNESSA PARSON; and DANIEL GERMAIN.<br><br>Defendants. | CASE NO: 3:18-cv-00132-MMD-CBC<br><br>**DEFENDANT INTELLI-HEART SERVICES, INC.'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**[FIRST REQUEST]** |

COMES NOW Defendant Intelli-Heart Services, Inc. ("IHS"), by and through its counsel William J. Geddes, Esq., and Kristen R. Geddes, Esq., of The Geddes Law Firm, P.C., and herein files *Defendant Intelli-Heart Services, Inc.'s Motion for Enlargement of Time to Answer or Respond to Plaintiff's Second Amended Complaint [First Request]*. This motion is based upon the following Points and Authorities, the pleadings and papers on file in this action, and any oral arguments the Court may entertain at any hearing set for this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This federal diversity-jurisdiction action asserts state-tort claims arising from an unauthorized and clandestine agreement between Plaintiff, Terrance Walker, and James Winters, a distributor for Defendant IHS. *See generally, Second Amended Complaint*, ECF 136.

In his *Amended Complaint* (ECF 004), Plaintiff asserted a claim against IHS for tortious

1

interference with Walker's contractual relationship with Winters. *Id.* IHS appeared in this matter and answered Plaintiff's *Amended Complaint*, denying Plaintiff's allegations. *Amended Answer to Amended Complaint*, ECF 026.

On April 9, 2019, the Court granted Walker leave to file a *Second Amended Complaint* (ECF 135), and the *Second Amended Complaint* was filed that date. ECF 136. Accordingly, IHS, who is already a party to this action, was served on that date.[1] Pursuant to Fed. R. Civ. P. 15(a)(3) IHS' deadline to answer or respond to the *Second Amended Complaint* is April 23, 2019.

The *Second Amended Complaint* added three new defendants and four additional causes of action. *See* ECF 136. On information and belief, Defendants Vanessa Parsons and Danny Weisberg were served with Plaintiff's *Second Amended Complaint* on April 18, 2019, making their deadline to answer or respond, May 9, 2019. Fed. R. Civ. P. 15(a)(1)(B).

## II. ARGUMENT

### A. Good Cause Exists to Grant the Instant Enlargement of Time, Which is Not Made For The Purpose of Delay.

Fed. R. Civ. P. 6(b) addresses extending time, stating:

> (1) In General.
>
> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.

The proper procedure, when additional time for any purpose is needed, is to present request for extension of time before time then fixed for purpose in question has expired. *Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D.Pa.1962). Extensions of time may always be asked for, and usually are granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D.Ohio 1947). Good cause exists to enlarge the time by which a party may file a brief where additional time is needed to prepare

---

[1] Although Plaintiff served counsel for IHS with the *Second Amended Complaint* on April 11, 2019, IHS treats the service date as the earlier e-filing date via PACER, on April 9, 2019. *See* ECF 141.

2

such a brief. *See O'Connor v. U.S. I.R.S.*, 698 F.Supp. 204, 205 (D. Nev. 1988) (district court granted the plaintiffs' motion for an extension of time to oppose a motion for summary judgment); *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1301 (district court granted movant's motion for additional time to oppose a motion for summary judgment, in part due to movant's need to acquire or prepare extensive documents so as to be able to adequately oppose the motion).

Undersigned counsel commenced work at the Geddes Law Firm on April 8, 2019, and assumed the primary handling of this matter on that date. The *Second Amended Complaint* was filed the next day on April 9. Given the breadth of the *Second Amended Complaint*, including its numerous appended exhibits, undersigned requires additional time to evaluate the claims and allegations therein, in order to adequately prepare an answer or response on behalf of IHS. *See O'Connor, supra* (additional time is needed to prepare a brief is considered good cause). To that end, IHS requests a brief enlargement of time to answer or respond to the *Second Amended Complaint*, up to and including the same deadline for Defendants Parsons and Weisberg to respond on or before May 9, 2019. IHS' request for an enlargement of time is the first request and is made before the original time for it to act expires on April 23, 2019. Undersigned counsel for IHS contacted Plaintiff and requested that Plaintiff stipulate to extend the time for IHS to answer or respond, and Plaintiff refused such a stipulation, necessitating the filing of the instant motion. *See* Exhibit 1.

III.   **CONCLUSION**

For all the foregoing reasons, Defendant IHS respectfully requests the instant motion to enlarge the time for it to answer or respond to the *Second Amended Complaint*, up to and

///
///
///
///
///

3

including May 9, 2019, be granted.

DATED this 19th day of April 2019.

THE GEDDES LAW FIRM, P.C.

_/s/ Kristen R. Geddes_
KRISTEN R. GEDDES
Nevada Bar No. 9027
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Kristen@TheGeddesLawFirm.com

*Attorneys for Defendant Intelli-Heart Services, Inc.*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE
DATED: 4/26/2019