1  **Terrance Walker,** *in propria persona*
   212 Hillcrest Drive # 1
2  Reno, NV  89509
   Tel: +1.775.971.8679
3  Email: walkerbillion@gmail.com

4  **IN THE UNITED STATES DISTRICT COURT FOR NEVADA**

5  Terrance Walker                          :   **CIVIL CASE NO.** 3:18-CV-0132-MMD(CBC)
           Plaintiff,                       :
6                  vs.                      :  OBJECTIONS TO MAGISTRATE RULING (EFC 157)
   Intelli-heart Services Inc.,             :
7          Defendants.                      :
                                            :

8  _____

9  COMES NOW Plaintiff Terrance Walker ("Plaintiff" or "Walker") Objecting to EFC 157,

10 stating:

11 **I. BACKGROUND**

12 　　　　Here Walker is claiming Nevada state law torts[1]/claims necessarily raised in relation to

13 Defendant's violation of his subcontracting rights as a 2nd tier subcontractor[2] (under, inter alia,

14 **Federal** Acquisition Regulation  part 52.232-40).  The federal subcontracting rights issue has been

15 raised in the Complaints (EFC 4, para 22-30; EFC 136, para 22-30) and thoroughly explained

16 several times (EFC 71, 113).  Federal question is a substantial issue and it has been repeatedly are

17 disputed (EFC 26 pg 2-4; para 22-30). Walker asked for an extension of the discovery deadlines

18 (EFC 156), but the Court – sua sponte -- ordered a Stay (EFC 157), resulting in the denial of three

   of his pending discovery motions to his already-requested discovery.  The Court ruled:

---

[1] **see** Nat'l Right to Life P.A. Com. v. Friends of Bryan 741 F.Supp. 807, 811 (D Nev 1990)(Defendant  "argues that because Plaintiff failed to allege an agency or third-party beneficiary theory of recovery, Plaintiff lacks standing to sue. The Court must reject Defendant's argument in this regard.………**This is an action in tort, not contract, and it is clear that Defendant's actions were intended to affect Plaintiff**")  In resolving this matter, the court must ask whether the defendant pursued an improper objective of harming the plaintiff or used **wrongful means** that in fact caused an injury to the contractual relationship. Nat'l Right to Life P.A. Com. v. Friends of Bryan, 741 F.Suppp. 807 (D. Nev. 1998); Ponomarenko v. Shapiro 287 F. Supp. 3d 816, 830 (ND CA 2018) (**wrongful**  entails violating "constitutional, **statutory**, **regulatory**, common law, or other determinable legal standard."); SEWELL, M.D., v. AMERIGROUP TENNESSEE, INC. d/b/a AMERIGROUP COMMUNITY CARE, No. 2:17-cv-00062 (M.D. Tenn Dec. 14, 2018)(declaring that "tortious interference with a business relationship, and violation of Tennessee's Prompt Payment Act" represented "substantive claims")

[2] See FAR Council commentary on FAR part 52.232-40: https://www.federalregister.gov/documents/2013/11/25/2013-28053/federal-acquisition-regulation-accelerated-payments-to-small-business-subcontractors which states that subcontractors ("*not limited to first-tier subcontractors*" -- paragraph 9))

1

"Before the court is plaintiff's motion to extend scheduling order (ECF No. 156). Plaintiff's motion is based on the fact that none of the newly named defendants have entered an appearance in this action. Therefore, IT IS ORDERED that discovery is STAYED until the newly named defendants have entered an appearance in this case. The court will set a case management conference following the appearance of the newly named defendants. No new discovery requests or subpoenas shall be served or answered during the period of the stay and all pending discovery motions (ECF Nos. 113, 142, 150, & 152) are DENIED without prejudice at this time. No discovery motions shall be filed during the stay period" (EFC 157)

It is unclear as to the reasons justifying this Order and result, but Walker asserts this was clear error and prejudicial to Walker.

## II. OBJECTIONS TO NON-DISPOSITIVE ORDERS BY MAGISTRATE JUDGE

Objections to non-dispositive orders by a magistrate judge are governed by Federal Rule of Civil Procedure 72(a), which states:

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

"The `clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions. . . ." *Computer Econ., Inc. v. Gartner Grp., Inc.,* 50 F.Supp.2d 980, 983 (S.D. Cal. May 25, 1999) (citations omitted). "Under this standard, `the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.*(quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997)); *see also Green v. Baca,* 219 F.R.D. 485, 489 (C.D. Cal. Dec. 16, 2003) (citations omitted).

The "contrary to law" standard "allows independent, plenary review of purely legal determinations by the Magistrate Judge." *Jadwin v. Cnty. of Kern,* 767 F.Supp.2d 1069, 1110 (E.D. Cal. Jan. 24, 2011) (citing *FDIC v. Fidelity & Deposit Co. of Md,* 196 F.R.D. 375, 378 (S.D. Cal. May 1, 2000); *see also Computer Econ.,* 50 F. Supp. 2d at 983 n. 4; *see also Green,*219 F.R.D., at 489. A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes,

case law, or rules of procedure." *Jadwin,* 767 F. Supp. 2d at 1110-11 (quoting *DeFazio v. Wallis,* 459 F.Supp.2d 159, 163 (E.D.N.Y Oct. 17, 2006)

### A. SUA SPONTE STAYS OF DISCOVERY

Under Rule 26(c) of the Federal Rules of Civil Procedure, a district court may, for good cause shown, issue a protective order regarding discovery. A court may enter such an order sua sponte. See e.g., McCoy v. Southwest Airlines Co., 211 F.R.D. 381, 385 (C.D. Cal. 2002); Coleman v. Schwarzenegger, 2007 WL 4276554 (E.D. Cal. Nov. 29, 2007) ("Under Federal Rule of Civil Procedure 26(c), and in the inherent discretion of a court to mange its own discovery, a court may sua sponte enter a protective order for good cause shown. A protective order may include an order that "discovery not be had." (internal citations omitted)).

Courts have broad discretionary power to control discovery, including the decision to stay discovery. *See e.g., Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). When evaluating whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted).

### 1. SHOWING REQUIRED

the party seeking the stay "carries the heavy burden of making a `strong showing' why discovery should be denied." *Turner,* 175 F.R.D. at 556 (quotation omitted)

### B. DENIALS OF DISCOVERY -- STANDARD

"to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan,* 287 F.3d 1193, 1212 (9th Cir.2002). Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed. *Martel v. County of Los Angeles,* 56 F.3d 993, 995 (9th Cir.1995) (en banc).

...

III.  ANALYSIS  -- THE COURT PREMATURELY, AND IMPROPERLY, GRANTED A SUA SPONTE ORDER TO STAY DISCOVERY – RESULTING IN DENIAL OF PENDING DISCOVERY ISSUES WHICH PREJUDICE PLAINTIFF

A. DISCOVERY IS NEEDED TO ESTABLISH FEDERAL JURIDICTION AND SHOULD NOT HAVE BEEN SUMMARILY DENIED

Although a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," discovery should be granted when, as here, the jurisdictional facts are contested or more facts are needed. *See Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n. 24 (9th Cir.1977) (holding that district court abused its discretion in refusing to grant discovery on jurisdictional issue); *see also Natural Res. Def. Council v. Pena,* 147 F.3d 1012, 1024 (D.C.Cir.1998) (remanding to permit "jurisdictional discovery" when allegations indicated its likely utility); *Edmond v. United States Postal Serv. Gen. Counsel,* 949 F.2d 415, 425 (D.C.Cir.1992) (finding abuse of discretion when district court denied jurisdictional discovery in light of allegations suggesting jurisdiction did exist).  "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir.1986) (citation omitted).

Because additional discovery would be useful to Walker to establish federal subject matter jurisdiction, and because the extent of federal involvement in the challenged transactions is contested (disputing "Walker's contention that the application of FARs triggers federal- question jurisdiction.", EFC 130, pg 5 ll. 15-16) ("Jurisdiction is not pleaded here, and the claim is subject to dismissal" , EFC 114, pg 20, line 28), it was an abuse of discretion not to permit discovery.

B. **THE ADDITION OF NEW PARTIES DOES NOT SATISFY THE SHOWING REQUIRED FOR A STAY OF DISCOVERY (AND DENIAL OF DISCOVERY MOTIONS AS TO <u>OLD PARTIES)</u>**

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought; and (2) the potentially dispositive motion can be decided without additional discovery. *Ministerio Roca*

*Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion. *Tradebay,* 278 F.R.D. at 603. This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery. *Id.* Ultimately, the purpose is to "avoid any unnecessary duplication of efforts should additional parties be added. It will also avoid any unnecessary litigation costs to any of the parties in the event that any causes of action or the entire Complaint are dismissed" Konrad v. Epley No. CV 12-4021 (JFB)(ETB) (E.D. NY April 23, 2013). Walker's dispositive motion (EFC 159) was not filed before the stay of discovery (EFC 157), but the Rules **do not** provide for an automatic stay of discovery when a potentially dispositive motion is pending. *Id.* at 600-01. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id*

The only reason cited by the Court to justify the stay of discovery and denial thereof was the addition of NEW parties. (EFC 157). Yet, Walker's motions for discovery that were denied -- were not directed at NEW parties but at Intelli-heart Services Inc's bogus confidentiality assertions, belated privilege log (which constitutes a waiver), and its failure to answer about half of the interrogatory questions. (See EFC's 113, 150, & 152, which the court summarily denied –EFC 157)

When assessing the vast array of cases involving a stay of discovery, and denial of pending motions support such a result, none provide any support for the Court's order. Thomas v. Beutler  No. 2:10-cv-01300 MCE CKD  (E.D. California November 6, 2012)( "if these findings and recommendations are adopted, this action will be dismissed ") *See, e.g., S.E.C. v. Chestman,* 861 F.2d 49, 50 (2d Cir.1988) (noting in *dicta* that "[t]he only result of the intervention has been the staying of discovery, *an order the district court could have entered sua sponte.*") *Javier H. v. Garcia-Botello,* 218 F.R.D. 72, 74 (W.D.N.Y.2003) ("Moreover, because a `federal district court has the inherent power, in the exercise of its discretion, to stay an action,' ..., it may deny a motion to intervene, or decline to address the merits of such a motion, and nevertheless enter an order staying civil discovery."); *In re Ahead By A Length, Inc.,* 78 B.R. 708,

710 (Bankr.S.D.N.Y. 1987) ("[W]e conclude that we have the power to stay discovery *sua sponte*.").

Plaintiff has a clear interest in commencing discovery in order to pursue an expeditious resolution of their claims. *See In re Bolin & Co., LLC,* No. 3:08CV1793 (SRU), 2012 WL 3730410, at *4 (D.Conn. June 27, 2012) ("[T]he interests of the court, and the public, are best served by the expeditious resolution of this case."); *see also U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp., Inc.,* 297 F.Supp.2d 531, 535-36 (E.D.N.Y.2003) ("[C]onvenience of the courts is best served when motions to stay proceedings are discouraged. The courts must be mindful that `a policy of issuing stays solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration.'") (quoting *United States v. Private Sanitation Industry Association [Private Sanitation],* 811 F.Supp. 802, 808 (E.D.N.Y.1992)).

Moreover, if Walker's allegations of fraud and illegal conduct turn out to be true (which were requested to be Compelled (in EFC 113, EFC 150, and EFC 152), then it is in the public interest for Walker's rights to be vindicated as soon as possible, and will dispel any notion that Daniel Germain was merely acting in a professional capacity (EFC 160).  Further, much of the proof relies on allegations that are independent of the new parties. As such, the Court should find that the Plaintiff have a strong argument against a stay of this entire action because it would prejudice their claims which are independent of the other parties. *See In re Bolin & Co., LLC,* No. 3:08CV1793 SRU, 2012 WL 3730410, at *2 (D.Conn. June 27, 2012) (denying a stay, in part, because the court found that "although there is some overlap between this action and Daly's criminal case, the overlap is not complete"); *In re 650 Fifth Ave.,* No. 1:08-CV-10934 (RJH), 2011 WL 3586169, at *3 (S.D.N.Y. Aug. 12, 2011) ("`If there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay.'") (quoting *Transworld Mech., Inc.,* 886 F.Supp. at 1138). Also Milton Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 211 (1990) ("I should stress that a general stay of all civil discovery is not by any means the best option available to the court or to the litigants. Stays can and should be tailored to avoid undue prejudice. By limiting both the time and subject matter covered in temporary deferrals of particular

discovery, a Court can allow civil proceedings to progress as much as possible without prejudicing the relative interests of the litigants.").

## CONCLUSION

It is clear that Walker's discovery motions would have been granted and there was not a "`strong showing' why [Walker's] discovery should [have been] denied." Justice requires that the Order – EFC 157 (issuing a sua sponte discovery stay and denial of Walker's discovery motions) be set aside or modified as clearly erroneous.   Walker respectfully submits that the Court failed to apply or misapplied relevant statutes, case law, or rules of procedure in its stay and summary denial of Walker's pending discovery motions.

Respectfully submitted,

By /s/  Terrance Walker                                                     Dated:  May 2, 2019

Terrance Walker

## CERTIFICATE OF SERVICE

The undersigned certifies that the undersigned is over the age of 18 and that on May 2, 2019, that he personally served via the Court's electronic filing system all parties to this case one copy of this filing to the parties at the email address listed below.

/s/  TERRANCE WALKER

signed, Terrance Walker

Copy to:

Will & Kristen Geddes, Esq.
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 853-6899
E-Mail: Will@TheGeddesLawFirm.com
E-Mail: kristen@thegeddeslawfirm.com

Hall Jaffe Clayton LLP
Steven T. Jaffe
745 Peak Drive
Las Vegas NV 89128
Email: sjaffe@lawhjc.com, cwagner@lawhjc.com, lholding@lawhjc.com, mschwarz@lawhjc.com, msylva@lawhjc.com