**Terrance Walker,** *in propria persona*
212 Hillcrest Drive # 1
Reno, NV  89509
Tel: +1.775.971.8679
Email: walkerbillion@gmail.com

**IN THE UNITED STATES DISTRICT COURT FOR NEVADA**

| | | |
|---|---|---|
| Terrance Walker | : | **CIVIL CASE NO.** 3:18-CV-0132-MMD(CBC) |
| Plaintiff, | :FIRST | |
| vs. | : MOTION TO EXTEND TIME TO RESPOND TO |
| Intelli-heart Services Inc., et. Al. | : DANIEL GERMAIN'S "MOTION TO DISMISS" |
| Defendants. | : UNTIL DISCOVERY STAY IS LIFTED |

COMES NOW Plaintiff Terrance Walker ("Plaintiff" or "Walker") moving to extend, stating:

### I.    BACKGROUND

1) The FAC was filed in Aug. 2018 and it was amended to the SAC on April 9, 2019.

2) Walker recently added three parties and four claims (See EFC 135) (EFC 136; SAC).

3) The Court stayed Discovery (EFC 157) while Walker was awaiting to see if the Court would i) compel discovery of interrogatory responses (EFC 113), ii) find Defendant HIS waived and/or made improper assertions of attorney-client privilege (EFC 150), and iii) waived confidentiality (EFC 152). Walker objected to denials of these motions (EFC 162)

4) Defendant Daniel Germain ("Germain") filed a "Motion to Dismiss" (EFC 159) with a Declaration in support (EFC 160) on May 2, 2019, claiming free speech and privilege (to, *inter alia*, make false statements to the VA about Walker's subcontracting status)

5) The Court should extend the time for Plaintiff to respond to Germain's summary judgment style motion (EFC 159) given the court stayed discovery and Walker's response is dependent upon the resolution of Walker's discovery issues (especially given allegations made in regards to Germain's supposed "privileged" communications that Walker is unable to assail without ALL of the documents in question).

6) Walker's response should be allowed to follow the resolution of his discovery contentions (in EFC 113, 150, and 152) or the Objection thereto (EFC 162). Defendant mistakenly believes it does not have to undergo discovery after making its factual challenges in its summary judgment motion mislabeled a "motion to dismiss" (EFC 159, pg 7 ll. 23-28)

### II.   MEMORANDUM OF LAW

   **A. POINTS AND AUTHORITIES**

1. **MOTIONS TO DISMISS WITH EXHIBITS ARE CONSTRUED AS SUMMARY JUDGMENT**

"[W]hen evidence outside of the pleadings are presented in a motion to dismiss under Rule 12(b)(6), a court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). McKinnon v. City of Merced 1:18-cv-01124-LJO-SAB, at *2 (E.D. Cal. Dec. 17, 2018)

2. **Fed. R. Civ. P. 6(b)(1)**

Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

The proper procedure, when additional time for any purpose is needed, is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D.Pa. 1962). Extensions of time may always be asked for, and usually are granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman,* 8 F.R.D. 268 (N.D. Ohio 1947).

3. **LR IA 6-1(a), "REQUESTS FOR CONTINUANCE, EXTENSION OF TIME, OR ORDER SHORTENING TIME"**
LR IA 6-1(a), states "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. (Examples: 'This is the first stipulation for extension of time to file motions.' 'This is the third motion to extend time to take discovery.'). …"

4. **LR 26-1. DISCOVERY PLANS AND MANDATORY DISCLOSURES**
LR 26-1 provides, "(a) Fed. R. Civ. P. 26(f) Meeting; Filing and Contents of Discovery Plan and Scheduling Order. The pro se plaintiff or plaintiff's attorney must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held

within 30 days after the first defendant answers or otherwise appears. Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order"

5. **F.R.Civ.P 16**

Rule 16 control scheduling order modification; requiring good cause. See <u>Johnson v. Mammoth Recreations, Inc.,</u> 975 F.2d 604, 607-08 (9th Cir. 1992)

II.     **ANALYSIS**

Germain submitted evidence with his motion to dismiss (challenging Walker's factual assertions in the SAC), mandating that Germain's motion be considered a motion for summary judgment. McKinnon v. City of Merced 1:18-cv-01124-LJO-SAB, at *2 (E.D. Cal. Dec. 17, 2018)   When a factual sufficiency challenge is made, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." *Planned Parenthood Fedn. of Am., Inc. v. Ctr. for Med. Progress,* 890 F.3d 828, 834 (9th Cir. 2018), *amended,* 897 F.3d 1224 (9th Cir. 2018)..

To resolve the Germain's claims of privilege, free speech, and other claims in regards to the communications it claims that it did not make concerning Walker NOT being subcontractor, Walker needs discovery from the parties.  Walker needs depositions (mainly from Daniel Germain), request for admissions, and interrogatories.  Also, Walker's discovery issues need to be resolved (EFC 113, 150, 152, 162)  which would shed light on whether or not Germain was, indeed, under privilege or if he (as Walker alleges) was not privileged because he (as a favor to a fried/pal Danny Weisburg) lied to the VA about Walker's subcontracting status in furtherance of a tort (See e.g. EFC 150). As such, an extension of, at least, the time in which should be granted. LR IA 6-1(a).

Since there are other new Defendants make their appearance, the parties are required to have scheduling conference. Fed. R. Civ. P. 26(f); LR 26-1 to make sure these deadlines are suitable.

Walker establishes, further, good cause for the extension by the fact that all of the new parties have not even entered an appearance and will have to participate in making a scheduling order. F.R.Civ.P 16(b); Fed. R. Civ. P. 26(f); LR 26-1; <u>Johnson v. Mammoth Recreations, Inc.,</u> Id.

**WHEREFORE**, Walker requests that the time to respond to the motion for summary judgment (styled a "motion to dismiss"0 be extended out 21 days past the time the discovery issues are resolved (EFC 113, 150, 152, 162)

Respectfully submitted,

By /s/  Terrance Walker                                          Dated:  May 3, 2019
Terrance Walker

**CERTIFICATE OF SERVICE**

The undersigned certifies that the undersigned is over the age of 18 and that on May 3, 2019, that he personally served via the Court's electronic filing system all parties to this case one copy of this filing to the parties at the email address listed below.

/s/  TERRANCE WALKER

signed, /s/Terrance Walker
Copy to: Kristen and Will Geddes, Esq.
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 853-6899
E-Mail: Will@TheGeddesLawFirm.com
E-Mail: kristen@thegeddeslawfirm.com

Hall Jaffe Clayton LLP
Steven T. Jaffe
745 Peak Drive
Las Vegas NV 89128
Email: sjaffe@lawhjc.com,
cwagner@lawhjc.com, lholding@lawhjc.com, mschwarz@lawhjc.com, msylva@lawhjc.com