**Terrance Walker,** *in propria persona*
212 Hillcrest Drive # 1
Reno, NV  89509
Tel: +1.775.971.8679
Email: walkerbillion@gmail.com

### IN THE UNITED STATES DISTRICT COURT FOR NEVADA

| | |
|---|---|
| Terrance Walker       Plaintiff, | : **CIVIL CASE NO.** 3:18-CV-0132-MMD(CBC) |
| vs. | : MOTION TO EXTEND TIME TO RESPOND TO |
| Intelli-heart Services Inc, Daniel Germain, Vanessa Parsons, and Danny Weisberg       Defendants. | : EFC 169 – (Anti-Slapp Motion to Dismiss) : UNTIL 21 DAYS PAST REOPENING : OR ALLOWING DISCOVERY : |

COMES NOW Plaintiff Terrance Walker ("Plaintiff" or "Walker") moving to extend time:

**I. BACKGROUND**

Walker asserts a federal question tort[1] violation of his rights (e.g. to payment) as a 2nd tier subcontractor[2] (EFC 136, "SAC" ¶ ¶ 21-30).  Intelli-heart Services Inc's ("IHS") U.S. Dept. of Veteran Affairs ("VA") contracts that Walker helped (EFC 136, ¶ 13,33,54,61,69,75) 1st tier subcontractor James Winters land include these regulations (EFC 4, Ex.7 pg 7,23,31). IHS improperly terminated Winters for "engaging" "subcontractor"  "Walker" (EFC 57-3 HIS-00176). All of the Defendants assisted this tort by, *inter alia*, sending emails to VA officials **falsely** claiming that Walker had never been a subcontractor or connected to IHS in any way.  ("SAC", ¶ 121 et. seq) affecting Walker's 2nd tier subcontractor rights.(SAC  ¶ ¶ 21-31).  Parsons, Germain, and IHS filed an Anti-Slapp Dismissal Motion (EFC 169) with, inter alia, Declarations (EFC 169-6). Defendants admit the SAC alleges their "misrepresentations to VA contract officers" (EFC 169, pg 10, line 12; pg 9 ll. 11-12), but urge it was protected. Defendants also are challenging Walker's evidence[3]. Thus, discovery is mandated. Walker needs time and discovery to respond.

---

[1] <u>see</u> Nat'l Right to Life P.A. Com. v. Friends of Bryan 741 F.Supp. 807, 811 (D Nev 1990)( In resolving this matter, the court must ask whether <u>the defendant pursued an improper objective of harming the plaintiff or used **wrongful means** that in fact caused an injury</u> to the contractual relationship. <u>Nat'l Right to Life P.A. Com. v. Friends of Bryan</u>, 741 F.Suppp. 807 (D. Nev. 1998); <u>Ponomarenko v. Shapiro</u> 287 F. Supp. 3d 816, 830 (ND CA 2018) (**wrongful**  entails violating ".., **statutory**, **regulatory**"))

[2] See FAR Council commentary on FAR part 52.232-40: https://www.federalregister.gov/documents/2013/11/25/2013-28053/federal-acquisition-regulation-accelerated-payments-to-small-business-subcontractors which states that subcontractors ("***not limited to first-tier subcontractors***" -- ¶ 9))

[3] (See e.g. EFC 169, pg 11, ll. 16-17) "<u>there is absolutely no evidence before the Court that Walker had any enforceable contract with HIS</u>"

1

## II. MEMORANDUM OF LAW  - POINTS AND AUTHORITIES

### A. DISCOVERY MANDATED IN RESPONSE TO ANTI-SLAPP MOTIONS -- and DISMISSAL MOTIONS -- SUBMITTED WITH OUTSIDE MATERIAL TO MAKE EVIDENTIARY CHALLENGES

#### 1. UNDER CASE LAW IN ANTI-SLAPP CASES

As the Ninth Circuit most recently explained in <u>Planned Parenthood</u>, 890 F.3d 828, 834 (9th Cir 2018), there are two standards under which an anti-SLAPP motion is assessed in federal court.

 "First, defendants can challenge the legal sufficiency under the Rule 12(b)(6) standard. Second, defendants may challenge the factual sufficiency under the Rule 56 standard. However, <u>when a factual **sufficiency** challenge is made, "**discovery must be allowed**, with opportunities to supplement evidence</u> based on the factual challenges, before any decision is made by the court." Id. 890 F.3d at 834.

#### 2. UNDER RULE 12

When **evidence** <u>outside of the pleadings</u> are presented in a motion to dismiss under Rule 12(b)(6), a court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

### B. EXTENDING TIME

#### 1. LR IA 6-1(a)

"REQUESTS FOR CONTINUANCE, EXTENSION OF TIME, OR ORDER SHORTENING TIME" LR IA 6-1(a), states "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. (Examples: 'This is the first stipulation for extension of time to file motions." 'This is the third motion to extend time to take discovery.'). …"

#### 2. Fed. Rule Civ. P. 6.

The proper procedure, when additional time for any purpose is needed, is to present a request for extension of time before the time fixed has expired. Canup v. Mississippi Val. Barge Line Co., 31 F.R.D. 282 (W.D.Pa. 1962). Extensions of time may always be asked for, and usually are granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. <u>Creedon v. Taubman</u>, 8 F.R.D. 268 (N.D. Ohio 1947)

### III. ANALYSIS  -

    **A. IHS, PARSONS, and WEISBERG CHALLENEGED THE SUFFICIENCY OF WALKER'S  EVIDENCE (and with DECLARATIONS – EFC 169-6) IN THEIR MOTION TO DISMISS (EFC 169). THUS, DISCOVERY IS MANDATED**

IHS, Parsons, and Weisburg filed evidence with their motion to dismiss (e.g. EFC 169-6)(See Fed. R. Civ. P. 12(d)) and challenged Walker's evidence, (EFC 169, pg 11, ll. 16-17) "<u>there is absolutely no **evidence** before the Court that Walker had any enforceable contract with IHS</u>" They also claim there was no evidence to establish intent; "it requires **evidence** that the actor intended to cause the interference itself…….IHS did not have the intention to interfere with Walker's contractual relationship" (EFC 169, pg 15, ll. 16-23)

Walker faces a situation contemplated in, <u>Planned Parenthood v. Center for Med. Progress</u> 890 F.3d 828, 833-834 (9th 2018). "Requiring a presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure. That result would effectively allow the state anti-SLAPP rules to usurp the federal rules. We could not properly allow such a result. "

Thus, Walker needs evidence bearing on the Defendants "intent" before responding, as even Defendant's concede (EFC 169, fn 1)

### B. MORE TIME TO RESPOND MUST BE ALLOWED FOR WALKER TO CONDUCT DISCOVERY

As of now, Walker has not been allowed to conduct discovery of Parsons and Weisberg. Nor has Walker been allowed to finish discovery he sought to compel against IHS(EFC 162-164).

Defendants have challenged the sufficiency of Walker's evidence on his contentions, inter alia, regarding his subcontract and THEIR intent.  When a factual sufficiency challenge is made, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." Planned Parenthood Fedn. of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 834 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018).

Walker presents good cause for a continuance and such should be granted. LR IA 6-1(a); Fed. Rule Civ.P. 6

### IV. CONCLUSION

WHEREFORE, Walker prays for Order to extend time for Walker to respond to EFC 169 until, at least, 21 days past the time to get discovery from the Defendants that filed EFC 169.

      Respectfully submitted,

By /s/  Terrance Walker                                Dated:  May 8, 2019

Terrance Walker

**CERTIFICATE OF SERVICE**

The undersigned certifies that the undersigned is over the age of 18 and that on May 8, 2019, that he personally served via the Court's electronic filing system all parties to this case one copy of this filing to the parties at the email address listed below.

/s/  TERRANCE WALKER
signed, Terrance Walker
Copy to:

Will & Kristen Geddes, Esq.
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 853-6899
E-Mail: Will@TheGeddesLawFirm.com
E-Mail: kristen@thegeddeslawfirm.com

Hall Jaffe Clayton LLP
Steven T. Jaffe
745 Peak Drive
Las Vegas NV 89128
Email: sjaffe@lawhjc.com,  cwagner@lawhjc.com, lholding@lawhjc.com, mschwarz@lawhjc.com, msylva@lawhjc.co