UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TERRANCE WALKER,

Plaintiff,

v.

INTELLI-HEART SERVICES, INC., *et al.*,

Defendants.

Case No. 3:18-cv-00132-MMD-CBC

ORDER

**I.  SUMMARY**

Plaintiff alleges Defendant Intelli-Heart Services, Inc., and its executives Defendants Danny Weisburg, Vannessa Parsons, and Daniel Germain, tortuously interfered with a contract Plaintiff entered into with non-party James Winters. (ECF No. 136.) Before the Court are four objections to separate decisions Magistrate Judge Carla Baldwin Carry made in this case thus far.[1] (ECF Nos. 107, 109, 110, 162.) First, Plaintiff objects to Judge Carry's decision to grant Defendants' motion for a protective order requiring Plaintiff to contact Defendants' counsel instead of Defendant "Parsons or any other managing speaking agent of Intelli-Heart throughout the duration of this litigation" ("First Objection"). (ECF Nos. 107 (objection), 100 (order from which the quotation is taken), 77 (motion for protective order).) Second, Plaintiff objects to Judge Carry's alleged description of this case as a diversity case at a case management conference ("Second Objection"). (ECF Nos. 109 (objection), 103 (minutes of case management conference).) Third, Plaintiff objects to Judge Carry's partial grant, and partial denial, of one of Plaintiff's

---

[1] As to ECF No. 107, Defendants filed a response (ECF No. 116), and Plaintiff filed a reply (ECF No. 117). As to ECF No. 109, Defendants filed a response (ECF No. 118), and Plaintiff filed a reply (ECF No. 119). As to ECF No. 110, Defendants filed a response (ECF No. 120), and Plaintiff filed a reply (ECF No. 122). As to ECF No. 162, Defendants filed a response (ECF No. 185).

motions to compel ("Third Objection"). (ECF Nos. 110 (objection), 108 (order).) Fourth, Plaintiff objects to Judge Carry's decision to stay discovery and deny several of Plaintiff's pending discovery motions without prejudice to give newly-added Defendants time to appear ("Fourth Objection"). (ECF Nos. 162 (objection), 157 (order).) Finding no clear error, the Court overrules all four objections.

## II. LEGAL STANDARD

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate judge's factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's decision is clearly erroneous or contrary to law "when [she] makes an error of law, when [she] rests [a] decision on clearly erroneous findings of fact, or when [the Court is] left with a definite and firm conviction that [she] committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (quotation omitted). But a magistrate judge's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III. DISCUSSION

The Court will address Plaintiff's four pending objections in chronological order.

The Court will overrule Plaintiff's First Objection because it does not find that Judge Carry clearly erred in granting Defendants' motion for a protective order requiring Plaintiff to communicate with Defendants' counsel. Judge Carry found that Defendant Intelli-Heart's counsel had previously asked Plaintiff to cease and desist communicating directly with Intelli-Heart's executive because Defendant Parsons was represented by counsel, and he refused to do so. (ECF No. 100 at 1.) Defendants moved for a protective order,

and Judge Carry granted their motion because *pro se* litigants must abide by the same rules that apply to attorneys, and the governing Nevada Rules of Professional Conduct prohibit attorneys from contacting parties directly when they know those parties are represented by counsel. (*Id.* at 1-2.) Judge Carry further determined that Defendant Parsons would be deemed a party under governing law because of her role as the CEO of Intelli-Heart. (*Id.* at 2.) Judge Carry's ruling was not clearly erroneous. Plaintiff's First Objection is therefore overruled.

As to Plaintiff's Second Objection, Plaintiff objects to Judge Carry's alleged characterization of this case as before the Court based on its diversity jurisdiction over the parties at a case management conference. (ECF No. 109.) Plaintiff's objection is overruled. First, the Court cannot verify that Judge Carry referred to this case as a diversity case because such a statement does not appear in the minutes of the hearing Plaintiff objects to. (*See id.* at 1 (explaining that Plaintiff objects to events that occurred at a hearing on March 5, 2019); *see also* ECF No. 103 (minutes of the hearing that occurred on March 5, 2019, containing no reference to diversity jurisdiction).) Second, to the extent Judge Carry did, she is correct. Plaintiff exclusively brings claims under Nevada law against parties diverse to him, which gives this Court diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (ECF No. 136 at 15, 17-21.) Thus, notwithstanding Plaintiff's argument to the contrary, it is not inaccurate, much less clear error, to refer to this case as a diversity case.

As to Plaintiff's Third Objection, Judge Carry did not clearly err when she granted in part, and denied in part, Plaintiff's motion to compel further responses to some of his discovery requests, and strike certain of Defendant Intelli-Heart's objections or deem answers admitted. Generally speaking, the effect of Judge Carry's ruling (ECF No. 108) was to keep the scope of discovery limited to Plaintiff's tortious interference claim—that Defendant Intelli-Heart and/or its individual executives tortuously interfered with Plaintiff's

contract with Winters.[2] She denied Plaintiff's discovery requests seeking documents and admissions outside the scope of information reasonably calculated to shed light on this claim. (ECF No. 108; *see also* ECF No. 71 at 4 (seeking discovery on "items and issues surrounding his claim"); ECF No. 120 at 17-23 (making the argument that Plaintiff sought discovery outside the scope of his claims, and that, in his objection, he merely rehashes arguments presented to Judge Carry).) Judge Carry did not clearly err in doing so. Plaintiff's objection is overruled.

As to Plaintiff's Fourth Objection, Plaintiff objects to Judge Carry's *sua sponte* decision to stay discovery and deny several of Plaintiff's pending discovery motions without prejudice in response to Plaintiff's request (ECF No. 156) to extend discovery deadlines because new defendants Plaintiff added to this case had not yet entered an appearance (ECF No. 157). The Court will also overrule Plaintiff's Fourth Objection. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted). That broad discretion extends to Judge Carry here. The Court does not find her decision, which is the subject of Plaintiff's Fourth Objection, was clearly erroneous or contrary to law.

## IV. CONCLUSION

It is therefore ordered that Plaintiff's objection to Magistrate Judge Carry's grant of Defendants' motion for a protective order (ECF No. 107) is overruled.

It is further ordered that Plaintiff's objection to Judge Carry's alleged characterization of this case as a diversity case (ECF No. 109) is overruled.

It is further ordered that Plaintiff's objection to Judge Carry's partial grant and partial denial of one of his motions to compel (ECF No. 110) is overruled.

---

[2]Based on his operative complaint, Plaintiff alleges Intelli-Heart and/or its executives tortuously interfered with his contract with Winters when Intelli-Heart terminated its contract with Winters—which prevented Winters from entering into contracts for or on behalf of Intelli-Heart (ECF No. 136 at 36)—after Intelli-Heart discovered Winters had entered into a contract with Plaintiff because Plaintiff emailed Intelli-Heart and Veterans' Administration employees demanding payment under his contract with Winters (*id.* at 8-18).

4

It is further ordered that Plaintiff's objection to Judge Carry's order temporarily staying discovery (ECF No. 162) is overruled.

DATED THIS 30th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE