STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
sjaffe@lawhjc.com

HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111
Fax (702) 316-4114

*Attorneys for Defendant,*
*Daniel Germain*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE WALKER,<br><br>  Plaintiff,<br><br>vs.<br><br>INTELLI-HEART SERVICES, INC., DANNY WEISBURG, VANNESSA PARSONS, DANIEL GERMAIN,<br><br>  Defendants. | Case No. 3:18-CV-00132-MMD-CBC<br><br>**DEFENDANT DANIEL GERMAIN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO MEET AND CONFER ON JOINT DISCOVERY PLAN** |

Defendant DANIEL GERMAIN, by and through his attorney of record, STEVEN T. JAFFE, ESQ., of HALL JAFFE & CLAYTON, LLP, respectfully submits the following memorandum of points and authorities in opposition to Plaintiff's Motion to Compel Defendants to Meet and Confer on Joint Discovery Plan, filed on May 22, 2019 (ECF No. 189).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION & PROCEDURAL POSTURE**

There is no need for the parties to confer on a Joint Discovery Plan because the Court has already determined that discovery is stayed pending the resolution of Defendants' motions to dismiss (ECF Nos. 159, 169). Should the Court agree that dismissal is warranted, the Court has no reason to compel discovery. As such, Plaintiff's motion to compel such a conference is unnecessary, premature, frivolous and should be denied.

///

On April 24, 2019, the Magistrate Judge Carla Baldwin Carry, entered an order staying discovery in this matter pending the appearance of the new joined defendants and stating, "[t]he court will set a case management conference following the appearance of the newly named defendants." ECF No. 157.[1] On May 17, 2019, the District Court entered a minute order denying Plaintiff's Motion to Reopen Discovery (ECF No. 174) and reaffirmed, pursuant to its prior order (ECF No. 166) that additional "discovery was unnecessary to support Plaintiffs response to the pending motion to dismiss." (ECF No. 188). Following that Order, defendants confirmed that pursuant to the Court's order, they would wait to confer on a Joint Discovery Plan until such time as the Court issued its ruling on the pending on motions to dismiss. *Declaration of Terrance Walker*, dated May 22, 2019, Exhibit 1. Plaintiff rejected this, arguing, "one order has nothing to do with the other order." *Id.*

## II.  DISCUSSION

In this case, Mr. Germain has filed a motion to dismiss in lieu of an answer and as such, should not be required to participate in a Rule 26(f) conference. While LR 26-1(a) requires the parties to conduct a Rule 26(f) conference "within 30 days after the first defendant answers or otherwise appears", such a rule may be modified by the Court as appropriate "based on the circumstances of any particular case." LR 1-3.

Pursuant to the Court's order on April 24, 2019, the Court indicated it would be responsible for setting a case management conference in this matter. In other words, the court indefinitely postponed the scheduling requirements under LR 26-1. By its subsequent orders, the Court confirmed such discovery would take place, if necessary, after the resolution of the motions to dismiss, once again indefinitely postponing the requirements of LR 26-1. This is not unusual. *See e.g.*, ***Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife***, 288 F.R.D. 500, 507 (D. Nev. 2013); ***Tradebay, LLC v. eBay, Inc.***, 278 F.R.D. 597, 608 (D. Nev. 2011); ***Aguirre v. S. Nevada Health Dist.***, No. 2:13-CV-01409-LDG, 2013 WL 6865710, at *2 (D. Nev. Dec. 30, 2013). Plaintiff's motion should be denied.

///

---

[1] That order was affirmed by the District Court on May 30, 2019 (ECF No. 190).

Defendant Daniel Germain reserves the right to seek his attorney fees incurred in responding to this motion pursuant to Fed. R. Civ. P. 11(b)(1) and (c). *See **Wood v. McEwen**,* 644 F.2d 797 (9th Cir. 1981) (affirming sanctions and attorney fee award against *pro se* litigant who continuously refused to abide by the Court's discovery orders and made voluminous frivolous filings).

DATED this 5 day of June 2019.

HALL JAFFE & CLAYTON, LLP

By: _____
STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorney for Defendant, Daniel Germain*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of **HALL JAFFE & CLAYTON, LLP**, and on this __5th__ day of June 2019, I served a copy of the foregoing **DEFENDANT DANIEL GERMAIN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO MEET AND CONFER ON JOINT DISCOVERY PLAN** as follows:

[X]   U.S. MAIL — By depositing a true copy thereof in the U.S. Mail, first class postage prepaid and addressed as listed below; and/or

[ ]   FACSIMILE — By facsimile transmission to the facsimile number(s) shown below; and/or

[ ]   HAND DELIVERY — By hand-delivery to the addresses listed below; and/or

[X]   ELECTRONIC SERVICE — Pursuant to the Court's CM/ECF e-filing system.

Terrance Walker
212 Hillcrest Drive, #1
Reno, Nevada 89509
walkerbillion@gmail.com
*Plaintiff, in propria persona*

William J. Geddes, Esq.
Kristen R. Geddes, Esq.
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Will@TheGeddesLawFirm.com
Kristen@TheGeddesLawFirm.com
*Attorneys for Defendant Intelli-Heart Services, Inc.*

/s/ *Linda P. Daniel*
An Employee of
**HALL JAFFE & CLAYTON, LLP**