RECEIVED
ENTERED                    SERVED ON
         COUNSEL/PARTIES OF RECORD

MAR 13 2020

CLERK US DISTRICT COURT
   DISTRICT OF NEVADA
BY:                      DEPUTY

1  Terrance Walker, *in propria persona*
2  212 Hillcrest Drive # 1
   Reno, NV 89509
   Tel: +1.775.971.8679
3  Email: walkerbillion@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR NEVADA

| | |
|---|---|
| Terrance Walker | : CIVIL CASE NO. 3:18-CV-0132-MMD(CBC) |
| Plaintiff, | : |
| vs. | : MOTION FOR RECONSIDERATION |
| Intelli-heart Services, Vannessa Parsons | : UNDER RULE 60 DUE TO LACK OF DISCOVERY |
| Daniel Germain, Danny Weisberg | : BEFORE THE ISSUANCE OF ANTI-SLAPP |
| Defendants. | : RULING ON EVIDENCE & UNCONSTITIONALITY |

**COMES NOW**, Plaintiff "Walker" moving for reconsideration due to lack of discovery:

**MEMORANDUM OF LAW & POINTS AND AUTHORITIES**

**I. RELEVANT PROCEDURAL BACKGROUND**

The factual matters have been thoroughly addressed in EFC 197 and the previous Motion for Reconsideration (EFC 208). Out of brevity, Walker sets forth only the significant procedural issues in this Motion for Reconsideration (based upon different grounds than EFC 208).

Walker filed a 2nd Amended Complaint (EFC 136) adding additional claims and parties. Before the appearance of additional parties (and the completion of discovery), the Court stayed it,

"IT IS ORDERED that **discovery is STAYED until the newly named defendants have entered an appearance in this case**. The court will set a case management conference following the appearance of the newly named defendants. No new discovery requests or subpoenas shall be served or answered during the period of the stay and all pending discovery motions (ECF Nos. 113, 142, 150, & 152) are DENIED without prejudice at this time. No discovery motions shall be filed during the stay period." (EFC 157)

Defendants, then, sought Dismissal under the Nevada's Anti-Slapp statute. (EFC 159)(EFC 169). Walker filed a 40 page response (allowed under EFC 184) stating:

"Walker is still attempting to discover the contents of the other documents to prove his case(see EFC 162-164) but such was denied due to a stay (EFC 157)(EFC 166)"(EFC 197, pg 5 fn 4)

**************

"The state rules which call for a disregarding of Walker's discovery rights conflict with federal rules and the federal rules must prevail. Planned Parenthood v. Center for Medical Progress, Id. 890 F.3d 828, 833" (EFC 197, pg 31, line 7-10) (citation:890 F.3d 828 (9th Cir. 2018))

Accepting all of Defendant's [mis]representations of the case, the Court dismissed the case, entering judgment (EFC 206)(EFC 207) on March 4, 2020. The discovery Stay (EFC 157) was never lifted to allow Walker discovery. This violated the clear mandates of Planned Parenthood

1

## II. RECONSIDERATION DUE TO LACK OF DISCOVERY FOR WALKER AND THE UNCONSTITIONALITY OF THE ANTI-SLAPP STATUE AS APPLIED AND/OR CONSTRUED – ALSO, THE FINDINGS (and LACK OF FINDINGS) are ERROR

**LAW:** The District Court is allowed to "reconsider the validity of his judgment" to "correct an otherwise erroneous judgment without implicating the appellate process" Clipper Express v. Rocky Mountain Motor Traffic Bureau, Inc. 690 F.2d 1240, 1249-50 (9th Cir. 1982) Federal Rule of Civil Procedure 60(b)(1) provides that courts may provide relief from an order for reasons of "mistake, inadvertence, surprise, or excusable neglect." This Circuit and others have recognized that the rule's reference to a "mistake" encompasses not only mistakes made by litigants, but also mistakes made by the Court. See, e.g., D.C. Fed'n of Civic Ass'ns v. Volpe, 520 F.2d 451, 453 (D.C. Cir. 1975) (per curiam) (holding that district court abused its discretion by failing to correct a legal error pursuant to Rule 60(b)(1)); 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2858.1 (4th ed. 2012) (discussing relief under Rule 60(b)(1) for "Court Errors and Mistakes"). The Court also has discretion to provide relief from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Here, errors need remedied.

**ANALYSIS:**

Anti-Slapp motions cannot prevail in the absence of discovery, especially where a discovery stay is issued (and not lifted) as was here (EFC 157). The 9th Circuit has made that clear:

> " an automatic stay on discovery would conflict with Federal Rule of Civil Procedure 56, and was inapplicable in federal court." *Planned Parenthood Id.* 833. "'discovery must be permitted'.....we adopt it [the prior ruling]" *Planned Parenthood Id.* 833(citation omitted)

In Walker's response to the Anti-Slapp motion, Walker clearly explained that he: 1) was required to have discovery under the Federal Rules and 2) if he did not get discovery (it would be against precedent) and make the application of Nevada's Anti-Slapp statue unconstitutional:

> "The state rules which call for a disregarding of Walker's discovery rights conflict with federal rules and the federal rules must prevail. Planned Parenthood v. Center for Medical Progress, Id. 890 F.3d 828, 833" (EFC 197, pg 31, line 7-10)

**************

"Defendants' Anti-Slapp Motions (EFC 159, 169) fail to correspond to Rule 12 or Rule 8 , 56, Enabling Act, or the Constitution. Carbone v. Cable News Network, 910 F.3d 1345, 1357 (11th Cir. 2018) Defendants are making new allegations in their motion to dismiss which Walker should be able to counter with evidence (and has not been able to do so). The Court cannot consider such new allegations at this point. See Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The `new' allegations contained in the [party's] opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, **a court may not look beyond the complaint**)" (EFC 197, pg 31, line 1-8)

Apparently, the Court misapprehended Walker's Response or the Court did not understand Walker's argument (Walker "does not clearly explain why" (EFC 206, pg 6, line 23)). The Court issued the equivalent of a summary judgment without giving Walker discovery.(EFC 206, relying upon "evidence before the Court" pg 9, line 25) (stating "federal courts treat anti-SLAPP motions as a species of motion for summary judgment" EFC 206 pg 5, 12-13). The procedure employed was clearly unconstitutional and in violation of rules 8,12, 56 and 9th Circuit precedent.

**IV. CONCLUSION**

As shown above, the judgment of the Court must be reversed because the required findings were not made, the findings entered were legally erroneous, and the application of the legal rules applied to this case are illogical or without support. To hold otherwise is an abuse of discretion. United States v. Doe, 94 F.3d 532, 536 (9th Cir. 1996) (it's an abuse of discretion when it fails to make the required findings or where the findings it does make are clearly erroneous); United States v. Hinkson, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc)(The district court abuses its discretion if it applies the wrong legal rule or if its application of the rule was illogical, implausible, or without support in inferences that may be drawn from facts in the record)

**WHEREFORE**, Walker prays for an ORDER setting aside the judgment and allow discovery.

Respectfully submitted,
By /s/ Terrance Walker             Dated:  Mar. 13, 2020
Terrance Walker

**CERTIFICATE OF SERVICE**

The undersigned certifies that the undersigned is over the age of 18 and that on Mar 13, 2019, that he personally served, through the court's electronic filing system and U.S. mail, one copy of this filing to the parties listed below.  /s/ TERRANCE WALKER signed, Terrance Walker
Note: The efile system is temporarily not working for pro se litigants. (See EFC 208, cover)
Copy to:
Will & Kristen Geddes, Esq.
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455  Fax: (775) 853-6899
E-Mail: Will@TheGeddesLawFirm.com
E-Mail: kristen@thegeddeslawfirm.com
Hall Jaffe Clayton LLP
Steven T. Jaffe
7425 Peak Drive
Las Vegas NV 89128
Email: sjaffe@lawhjc.com, cwagner@lawhjc.com, lholding@lawhjc.com, mschwarz@lawhjc.com, msylva@lawhjc.com