WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com

*Attorneys for Defendant Intelli-Heart Services, Inc.,
Vanessa Parsons and Danny Weisberg*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRANCE WALKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INTELLI-HEART SERVICES, INC.; DANNY WEI[SBERG]; VANNESSA PARSON; and DANIEL GERMAIN.<br><br>Defendants. | CASE NO: 3:18-cv-00132-MMD-CLB<br><br>**DEFENDANT INTELLI-HEART SERVICES, INC., VANESSA PARSONS AND DANNY WEISBERG'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION**<br><br>**[ECF 209]** |

COMES NOW Defendants Intelli-Heart Services, Inc. ("IHS"), Vanessa Parsons, and Danny Weisberg, by and through their counsel William J. Geddes, Esq., and Kristen R. Geddes, Esq., of The Geddes Law Firm, P.C., and herein files *Defendants' Opposition to Plaintiff's Motion for Reconsideration Under Rule 60 Due to Lack of Discovery Before the Issuance of Anti-Slapp Ruling on Evidence and Unconstitutionality [ECF 209]*. This opposition is based upon the following Points and Authorities, the pleadings and papers on file in this action, and any oral arguments the Court may entertain at any hearing set for this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. ARGUMENT**

    **1. The Court Should Strike Plaintiff's Second, Successive Motion for Reconsideration.**

Local Rule 59-1(b) provides that "[m]otions for reconsideration are disfavored. A movant

1

must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.

Plaintiff filed not one, but two, successive motions for reconsideration or relief from judgment, both of which just repeat arguments already made and which were rejected by the Court. The Court should decline to permit Plaintiff's continued motions for reconsideration, and should strike Plaintiff's additional reconsideration motion as violative of LR 59-1(b).

## 2. The Is No Basis for the Court to Grant Relief Pursuant to Fed. R. Civ. P. 60(b).

A District court has wide discretion in deciding whether or not to grant motion under Fed. R. Civ. P. 60(b), and its decision will only be reversed for clear abuse of discretion. *Atkinson v. Prudential Property Co.*, 43 F.3d 367 (8th Cir. 1994).

> A court, however, does not abuse its discretion in denying a motion for reconsideration merely because the underlying motion could have been erroneous; rather, the underlying order must be clearly erroneous. Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. As the Sixth Circuit has put it, a decision should not be disturbed under the clear error standard unless it strikes the court as wrong with the force of a five-week old, unrefrigerated dead fish.

*Siegler v. Sorrento Therapeutics, Inc.*, No. 3:18-cv-01681-GPC-MSB, 2019 U.S. Dist. LEXIS 216776, at *14 (S.D. Cal. Dec. 17, 2019) (internal citations omitted). To the extent the Court entertains Plaintiff's additional, successive Motion for Reconsideration (*see* ECF 208 and 209), the Motion lacks merit and must be denied.

    a. <u>Where Defendants Asserted Evidentiary Based Arguments in Their Anti-SLAPP Motion, Plaintiff Was Afforded Sufficient Discovery Prior to the Ruling on the Motion. Conversely, Where Defendants Attacked the Sufficiency of the Second Amended Complaint, No Discovery Was Necessary for Plaintiff to Oppose the Motion.</u>

In *Planned Parenthood,* the Ninth Circuit adopted the rationale of a prior, non-binding opinion that held that "[i]f a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment

and discovery must be permitted." *Planned Parenthood*, 890 F.3d 833, *amended*, 897 F.3d 1224 (9th Cir. 2018), *and cert. denied sub nom. Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 139 S. Ct. 1446, 203 L. Ed. 2d 681 (2019) (citing *Z.F. v. Ripon Unified School Dist.*, 482 F. App'x 239, 240 (9th Cir. 2012)).

Plaintiff relies heavily on *Planned Parenthood*, yet he misapplies the Ninth Circuit's analysis to claim that the Court erred by denying additional discovery prior to ruling on Defendants' anti-SLAPP motion.

Plaintiff initially filed a First Amended Complaint naming IHS alleging tortious interference with a contractual relationship. *See* ECF 004. Plaintiff conducted considerable discovery on the First Amended Complaint, including his propounding 66 Requests for Production of Documents, 122 Requests for Admissions and 24 Interrogatories to IHS. Where Defendants raised evidentiary-based arguments in their anti-SLAPP motion, it is clear that Plaintiff had sufficient opportunity to obtain evidence he could have submitted tending to demonstrate a probability of success on the merits of a tortious interference claim – yet he failed to submit any evidence in opposition to Defendants' Motion.

Conversely, Defendants' Motion was clear that with respect to the new claims added by way of the Second Amended Complaint, Defendants' anti-SLAPP Motion attacked the sufficiency of the Second Amended Complaint by Defendants' references to Rule 12(b)(6) and the legal standard thereunder. *See* ECF 169 at 1, 14-24. Defendants did not assert fact-based challenges to the newly added claims, and consequently, the Court's denial of discovery was proper because the arguments were purely legal and did not require that Plaintiff have discovery in order to oppose Defendants' Motion. *See Planned Parenthood*, 890 F.3d at 834 ("[i]f a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of [anti-slapp] applies." (Citing *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp.2d 973, 983 (C.D. Cal. 1999)); *and see also*, *Smith v. Craig*, No. 2:19-cv-00824-GMN-EJY, 2020 U.S. Dist. LEXIS 38774, at *7 (D. Nev. Mar. 4, 2020) (In analyzing the merits of defendant's anti-SLAPP Motion, the Court turns to the complaint's allegations since defendant challenges solely the "legal

3

sufficiency" of plaintiff's claims; and discovery was not necessary to address defendant's motions to dismiss because the motions relied solely on plaintiff's pleadings).[1]

Plaintiff argues that because he was not permitted additional discovery to oppose Defendants' motion, this amounted to an unconstitutional application of the anti-SLAPP statute. A proper reading and application of *Planned Parenthood*, however, does not support Plaintiff's argument and it is clear that the Court did not err by denying additional discovery prior to ruling on the motion.

**B. Conclusion**

The instant Motion lacks merit because discovery was not required for Plaintiff to oppose a motion to dismiss attacking the legal sufficiency of the Second Amended Complaint. Thus, the Court did not err in denying additional discovery prior to ruling on the anti-SLAPP motion and there is no basis for reconsideration or relief from the judgment in Defendants' favor.

DATED this 27th day of March, 2020.

THE GEDDES LAW FIRM, P.C.

KRISTEN R. GEDDES
Nevada Bar No. 9027
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Kristen@TheGeddesLawFirm.com

*Attorneys for Defendant Intelli-Heart Services, Inc., Vanessa Parsons and Danny Weisberg*

---

[1] What's more, although the Court properly denied Plaintiff additional discovery in order to oppose purely legal arguments, with respect to Plaintiff's Count V (tortious interference) against Defendant Weisberg, Plaintiff independently moved for partial summary judgment on that claim the same day Defendants filed their Motion to Dismiss. *See* ECF 171. That Plaintiff moved for partial summary judgment demonstrates his apparent belief that he had *already* conducted sufficient discovery to support a summary judgment motion for that claim. His filing a summary judgment motion completely undercuts any argument that he required discovery in order to oppose the anti-SLAPP Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the Geddes Law Firm, P.C., and that on **March 27th, 2020**, I caused to be served a copy of the foregoing *Defendants' Opposition to Plaintiff's Motion for Reconsideration Under Rule 60 Due to Lack of Discovery Before the Issuance of Anti-Slapp Ruling on Evidence and Unconstitutionality [ECF 209].* by filing with the Court's electronic filing system (PACER), addressed to the following:

Terrance Walker
212 Hillcrest Drive, No. 1
Reno, NV 89509
Tel: 775-971-8679
walkerbillion@gmail.com

*Plaintiff In Pro Per*

Steven T. Jaffe, Esq.
Hall, Jaffe & Clayton, LLP
7425 Peak Drive
Las Vegas, NV 89128
sjaffe@lawhjc.com

*Attorneys for Defendant Dan Germain*

KRISTEN R. GEDDES
An employee of the Geddes Law Firm, P.C.