**Terrance Walker,** *in propria persona*
212 Hillcrest Drive # 1
Reno, NV  89509
Tel: +1.775.971.8679
Email: walkerbillion@gmail.com

**IN THE UNITED STATES DISTRICT COURT FOR NEVADA**

| | | |
|---|---|---|
| Terrance Walker | : | **CIVIL CASE NO.** 3:18-CV-0132-MMD(CBC) |
| Plaintiff, | : | |
| vs. | : | REPLY TO RESPONSE (EFC 216) |
| Intelli-heart Services, Vannessa Parsons | : | ON MOTION FOR RECONSIDERATION |
| Daniel Germain, Danny Weisberg | : | DUE TO LACK OF DISCOVERY |
| Defendants. | : | --UNCONSTITUTIONALITY |

**COMES NOW**, Plaintiff "Walker" Replying to (EFC's 216), stating

## MEMORANDUM OF LAW & POINTS AND AUTHORITIES

### I.   BACKGROUND:

The Court refuted Defendant Intelli-heart Services Inc's(IHS) assertion that Walker's Second Amended Complaint ("SAC", EFC 136) was futile(EFC 135, pg 9). The SAC was, then, filed adding three parties and additional counts. (EFC 136). After the SAC was filed, Germain's counsel received 200 documents (EFC 210-1, pg 2). Germain noted, "the **Court has already determined that discovery is stayed pending** the resolution of Defendants' motions to dismiss(ECF nos. 159, 169)" (EFC 192, pg1 ll 23-25), though Court's Stay had issued **before** said motions on April 24, 2019 (EFC 157). Next, were the following discovery-related orders:

"Defendant Daniel Germain's motion to dismiss (ECF No. 159) is <u>based on the allegations in the complaint</u>. Accordingly, **discovery is unnecessary to support Plaintiff's response.**" (EFC 166)

"Before the Court is Plaintiffs motion to reopen discovery (ECF No. 174). Similar to the Courts ruling on a motion Plaintiff previously filed (ECF No. 166), **discovery is unnecessary to support Plaintiffs response to the pending motions to dismis**s (ECF Nos. 159, 169)." (EFC 188)

 "**Discovery is STAYED until the pending motions to dismiss have been decided by the court.** The District Court has previously ordered that **discovery is unnecessary to support plaintiff's response to the pending motions to dismiss** (ECF No. 188)." (EFC 194)

Then, in a bewildering turnabout, the court made its Anti-Slapp dismissal ruling on March 4, 2020 on the factual sufficiency –the **evidence** (not **the complaint**) ("the Court is required to **consider evidence** in making a determination under these paragraphs." EFC 206, pg 5, ll 23-24) ("Defendants easily clear their burden to show by a preponderance of **the evidence**", EFC 206, pg 7, line 5) ("the evidence before the Court shows that statements to this effect were true." EFC 206, pg 7, line 5) Also see (EFC 206, pg 9, ll. 2,25) (EFC 206, pg 7, line 13, 19, 21, 25).

1

Judgment entered March 4, 2020.  Discovery was not completed, nor even started, on the three added parties. Plaintiff filed reconsideration and fraud motions (EFC's 208) and a reconsideration motion due to lack of discovery (EFC 209) Germain responded to both. (EFC 211) Now, Defendants respond to Walker's reconsideration motion due to lack of discovery (EFC 209). (EFC 216).  Walker now replies to Defendants' response (EFC 216)

II.   **BASIS AND STANDARDS FOR RECONSIDERATION AND FRAUD MOTIONS:**

The Court "granted [Walker] leave to file a combined response of 40 pages in length" (EFC 184, pg 2, line 5-6) to the Motions to Dismiss (EFC's 159, 169) but then puzzlyingly ignored Walker's Response (EFC 197) saying its over 24 pages(EFC 206, n. 4 "Plaintiff's 43 page response violates the 24 page limit that applies to responses to motions to dismiss. See LR 7-3(b)").   Then, the Court either claimed it did not understand Walker (EFC 206, pg 6, line 22-23,  finding Walker "does not clearly explain why") or got Walker's argument completely wrong (EFC 206, pg 7, line 11-12, "Plaintiff primarily attacks Defendants' statements to the effect that Plaintiff was not a subcontractor of IHS" )(Compare to EFC. 215, Div. II.  numbers 2 and 5)

Though the Court submitted that it considered other arguments(EFC 206, pg 10, lines 20-23) that's not clear from the other parts of the Order where it says the Court was not "clear". Walker, thus, properly motions the Court to give it a chance to address Walker's actual issues that were overlooked and/or to preserve error.  This is not, as Defendants improperly suggest (without authority or evidence) a **"reargument"** because the Court was, admittedly, not clear on Walker's arguments or ignored them due to erroneously forgetting it allowed Walker leave to 40 page response. (Note: EFC 197, pgs 2-4 includes 3 pages of table of contents which are excluded from page limitations)

Walker's motions were filed within 28 days after judgment.  Defendants confine its argument to Rule 60 but fail to consider that, if filed within twenty eight days of the district court's judgment, a motion for reconsideration is construed as filed pursuant to Rule 59(e).  <u>Bass v. United States Dep't of Agriculture</u>, 211 F.3d 959, 962 (5th Cir. 2000) (observing the ten day deadline when the rule was, thus, limited).  Walker's Reconsideration motion (EFC 209) necessitate consideration under Rule 59(e) which serve the function of correcting "manifest errors of law or fact"." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006)

The district court has inherent jurisdiction to modify, alter, or revoke a prior order. <u>United States v. Martin</u>, 226 F.3d 1042, 1049 (9th Cir. 2000) Reconsideration is appropriate if the Court

"committed clear error or the initial decision was manifestly unjust" <u>School Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).   Walker establishes both.

**1) DEFENDANT'S PROCEDURAL ARGUMENT IS UNSUPPORTED – WALKER DID FILE ANY SUCCESSIVE OR SECOND POST-TRIAL JUDGMENT MOTION – HE FILED TWO DISTINCT MOTIONS WITHIN TEN DAYS OF JUDGMENT RAISING ISSUES THAT WERE NOT RULED UPON – LR 59-1 IS INAPPLICABLE**

Defendants continue misciting and misquoting applicable law. They Cite, LR 59-1 (EFC 216, pg 1 line 27-28), but deceptively omit its title, "MOTIONS FOR RECONSIDERATION OF <u>**INTERLOCUTORY**</u> ORDERS"   Yet, Plaintiff is not seeking reconsideration of an "interlocutory" order, but reconsideration of a **case-dispositive** order On March 4, 2020. That local rule LR 59-1 (a) even says that  "Motions seeking reconsideration of **case-dispositive** orders are governed by Fed. R. Civ. P. 59 or 60, as applicable"

Thus, Defendants arguments that this local rule governs Walker's motion for reconsideration on a case-dispositive order is unsupported – those are specifically governed by Fed.R.Civ.P. 59 or 60.

Next, without any support whatsoever, Defendants present that:

**"Plaintiff filed not one, but two, successive motions for reconsideration or relief from judgment, both of which just repeat arguments already made and which were rejected by the Court. The Court should decline to permit Plaintiff's continued motions for reconsideration, and should strike Plaintiff's additional reconsideration motion as violative of LR 59-1(b)."**   (EFC 216, pg 2, line 4-8)

To the extent Defendant is asking for relief from Walker's motion (EFC 208), the response is late and they've already filed a responses (EFC 211, 212).  Defendants misapply the title "successive" to Walker's motion (EFC 209).[Walker notes that Defense counsel are former Nevada attorney generals  and may be confused(EFC 39, pg 4-22; EFC 48 pg 2, line 19-20 , "an admitted former attorney who defended the government against inmates"), but this is no habeas matter where a "successive" rule would apply. e,g *Slack v. McDaniel*, 529 U.S. 473, 476 (2000)("a petition filed after a mixed petition has been dismissed under *Rose* v. *Lundy* before the district court adjudicated any claims is to be treated as any other first petition and is not a second or successive petition" )]

3

Walker raises the issue of the lack of discovery to counter the Anti-Slapp motions, which the Court, post-judgment, did not rule upon. Defendants do not pin-point where the "lack of discovery" issue was addressed by the Court in its judgment or in any prior post-judgment filing. Defendants fail to allude to any authority for its "successive" label or any authority for striking Walker's post-trial judgment – This is in violation of LR IA 7-3.

LR IA 7-3. CITATIONS OF AUTHORITY: states:

"(a) References to an act of Congress must include the United States Code citation, if available. References to federal regulations must include the Code of Federal Regulations' title, section, page, and year. (b) When a Supreme Court decision is cited, only the citation to the United States Reports must be given. When a decision of a court of appeals, a district court, or other federal court has been reported in the Federal Reporter System, that citation must be given. When a decision of a state appellate court has been reported in the West's National Reporter System, that citation must be given. All citations must include the specific page(s) on which the pertinent language appears."

In responding to the Anti-Slapp Motions that were the basis of the Court's Dismissal, the Court (EFC 184, pg 2) granted leave for Walker to file a 40 page Combined Response to those Motions to Dismiss (EFC's 159, 169) but then seemingly ignored Walker's Response (EFC 197) because it was over 24 pages (EFC 206, n. 4). Walker, thus, properly presents this issue to give the Court a chance to address the issue that was overlooked and/or to preserve error for appeal. Furthermore, Defendants points to no Court ruling or prior finding on a discovery procedural error under <u>Planned Parenthood v. Center for Med. Progress</u> 890 F.3d 828, 833-834 (9th 2018). Thus, Defendants present no reason why the Court did not make a clear error in denying discovery to Walker, or at least, make a finding on the issue.

**2) THE LACK OF DISCOVERY FOR WALKER PRIOR TO THE ANTI-SLAPP DISMISSAL IS UNCONSTITUTIONAL AND IN VIOLATION <u>OF PLANNED PARENTHOOD</u> -- IT'S CLEAR ERROR MANIFESTLY UNJUST**

As the Ninth Circuit most recently explained in Planned Parenthood, 890 F.3d at 834, there are two standards under which an anti-SLAPP motion is assessed in federal court. First, defendants can challenge the legal sufficiency under the Rule 12(b)(6) standard. Second, defendants may challenge the factual sufficiency under the Rule 56 standard. However, **when a factual sufficiency challenge is made, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court."** Id. 890 F.3d at 834.

As shown above, the District Court clearly followed the second standard articulated (relying upon and requiring evidence), though earlier claiming to only be dealing with the sufficiency of the Complaint. Yet, after the Court allowed the Amendment of Walker's initial Complaint (EFC

135),  the Court did not allow Walker "opportunities to supplement evidence based on the factual challenges" but, oddly, stuck factual sufficiency burdens upon Walker. (EFC 206, pg 10 fn. 6, "Plaintiff bears the burden at this second step of the analysis")

Similar to another case, Walker "filed repeated objections to the district court's decision not to allow discovery, arguing that it needed particular discovery as to specific falsity issues," Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 838 n.8 (9th Cir. 2001) Defendants have an abundance of documents and discovery which would establish Walker's claim which was denied due to a stay (EFC 157)  and 200 documents of Germain (EFC 210-1, pg 2) The " information is in the defendants' exclusive control, and may be highly probative to [Walker's] burden of showing falsity" Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 847 (9th Cir. 2001) (alterations in original)

"**Requiring a presentation of evidence <u>without accompanying discovery</u>** would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure. That result would effectively allow the state anti-SLAPP rules to usurp the federal rules. We could not properly allow such a result"
 Planned Parenthood v. Center for Med. Progress 890 F.3d 828, 833-834 (9th 2018)

Defendants claim that **partial** discovery on ONE of Walker's claims (EFC 4) (and **ONE OF FOUR DEFENDANTS**) **PRIOR** to the Court's Discovery Stay (EFC 157) and Anti-Slapp motions (EFC 159)(EFC 169) was sufficient to counter Defendants Anti-Slapp motion:

"Plaintiff conducted considerable discovery on the First Amended Complaint, including his propounding 66 Requests for Production of Documents, 122 Requests for Admissions and 24 Interrogatories to IHS.  **Where Defendants raised evidentiary-based arguments** in their anti-SLAPP motion, it is clear that Plaintiff had sufficient opportunity to obtain evidence he could have submitted tending to demonstrate a probability of success on the merits of a tortious interference claim – **yet he failed to submit any evidence** in opposition to Defendants' Motion." (EFC 216 pg 3, ll. 9-15)

Defendants silently concede that Walker did not a chance to: i) conduct discovery on the UNJUST ENRICHMENT/QUANTUM MERUIT claims, ii)  conduct discovery on the falsity of Defendants statements (to rebut the First Amendment Anti-Slapp claims), or iii) conduct discovery on **THREE** other Defendants added to the SAC (and the claims as applied to them). Thus, Defendants' claim that Walker had "sufficient opportunity to obtain evidence" runs afoul of Planned Parenthood v. Center for Med. Progress Id. and
Metabolife Intern., Inc. v. Wornick Id. (" information is in the defendants' exclusive control, and may be highly probative to [Walker's] burden of showing falsity")

5

[Note: Multiple discovery motions that Walker filed were denied due to the stay. (EFC 157) It is a convenient, but not a legally sufficient, position for Defendants to unilaterally declare that partial discovery upon only one of the parties and one of the claims was "sufficient". Even if disccovery was sufficient as to one party and one claim, Defendants fail to show how it was sufficient for the other parties and the other claims]

Next, Defendant directly contradicts itself by claiming that it did not make fact-based, or "evidentiary-based", arguments in its Anti-Slapp motion:

"Defendants **did not assert fact-based challenges to the newly added claims**, and consequently, the Court's denial of discovery was proper because the arguments were purely legal" (EFC 216 pg 3, ll. 19-21). Defendants fail to explain how, if its motion and the Court's ruling was not "fact-based", why a showing of **evidence** by Walker was necessary. (EFC 216 pg 3, ll. 15; **he failed to submit any evidence** in opposition to Defendants' Motion.")

Yet, despite Defendants contradictions, the result obtained was conclusively on the evidence – evidence that Walker did not have the opportunity to challenge by, first, obtaining discovery. The Court's ruling (EFC 206) did not specifically fall in line with the rules for favorably construing Walker's Complaint (EFC 197, pg 12-14) – rules that do not require an evidentiary burden but require Defendants to strongly refute each allegation. The Ruling consistently alluded to the "evidence" (EFC 206), set forth that as the standard for ruling on the Anti-Slapp motions, and cited the lack of evidence that Walker did not present – that same evidence which he was denied. ("the Court is required to **consider evidence** in making a determination under these paragraphs." EFC 206, pg 5, ll 23-24) ("Defendants easily clear their burden to show by a preponderance of **the evidence**", EFC 206, pg 7, line 5) ("the evidence before the Court shows that statements to this effect were true." EFC 206, pg 7, line 5) (EFC 206 pg. 9, line 2-3, "**Plaintiff has proffered no evidence** that IHS consented to Winters's agreement with Plaintiff"); . (EFC 206, pg 10 fn. 6, "Plaintiff bears the burden at this second step of the analysis") Also see (EFC 206, pg 9, ll. 2,25) (EFC 206, pg 7, line 13, 19, 21, 25) .")

The Court cannot allow such an unfair result here in depriving Walker with an opportunity to get evidence to present his claims and refute Defendants Anti-Slapp motion. The truth of this matter could very well be hidden in the 200 pages of documents of Germain or the other documents of the other Defendants that were denied only due to the discovery stay. This is a manifestly unjust result and clear error, in violation of Walker's due process rights and rules 8, 12, 56 and the enabling Act. Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,

890 F.3d 828, 834 (9th Cir.), amended, 897 F.3d 1224 (9th Cir. 2018) (."when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, **discovery must be allowed.**" )

**3) SANCTIONS, IF ANY, ARE WARRANTED AGAINST DEFENDANTS (NOT WALKER)**

Defendants rely upon mere generalities that Walker's arguments are simply "frivolous", even though the Court initially found Walker's arguments about the SAC sufficient to uphold the Complaint (EFC 135, pg 9) If the SAC was so frivolous, Defendants don't explain this.

In Walker's appeals he has never been labeled "unclear" or bringing "frivolous" issues. State v. Corsi, 686 N.W.2d 215 (Iowa 2004)(participated as researcher/draft writer); Yellow Book Sales v. Walker, 791 N.W.2d 429 (Iowa App. 2010)(participated pro se); Walker v. Charter Communs., Inc.,2018 U.S. App. LEXIS 30842 (9th Cir. Oct. 31, 2018)(participated as researcher)

Defendants backed the Court's initial decision to **DENY discovery** when it held it was simply **considering the Complaint** on the Motions to Dismiss. Defendants even claimed they were only challenging the complaint (not filing for summary judgment) (EFC 202, pg 5, ll. 23-24, "Defendants request that their 12(b)(6) motion <u>not</u> be converted to a summary judgment")  Now, when the Court converted their motions to summary judgment, challenging the **sufficiency of the factual evidence** , Defendants now abandon their initial positions, assailing Walker for not providing evidence he was denied via discovery. (EFC 216 pg 3, ll. 9-15, "**yet he failed to submit any evidence** in opposition to Defendants' Motion.")  Defense counsel have abandoned their role as attorneys with candor and good faith.   United States v. Shaffer Equipment Co., 11 F.3d 450,  (4th Cir.1993) (" recognizing the "broader general duty of candor and good faith required to protect the integrity of the entire judicial process.") If any sanctions, issue, it should be against Defense counsel.

### III.    CONCLUSION

There is "clear error" and "manifestly unjust"[ness] of the Courts rulings and the process (or lack thereof) in which it was obtained. School Dist. No. 1J v. ACandS, Inc. Id. Defendants make conclusory claims which have no merit. Defendants do not specifically address Walker's assertions and the Court should find that they conceded these issues. Bojorquez v. Wells Fargo Bank, NA, 2013 WL 6055258, *5 (D.Or. Nov. 7, 2013) ("if a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded")

**WHEREFORE**, Walker prays for an ORDER reversing its judgment and having a hearing.

Respectfully submitted,

By /s/  Terrance Walker          Dated:  Mar. 27, 2020

Terrance Walker

## CERTIFICATE OF SERVICE

The undersigned certifies that the undersigned is over the age of 18 and that on Mar 27, 2019, that he personally served, through the court's electronic filing system, one copy of this filing to the parties listed below.   /s/ TERRANCE WALKER signed, Terrance Walker

Copy to:

Will & Kristen Geddes, Esq.
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455  Fax: (775) 853-6899
Will@TheGeddesLawFirm.com,
E-Mail: kristen@thegeddeslawfirm.com

Hall Jaffe Clayton LLP
Steven T. Jaffe
7425 Peak Drive
Las Vegas NV 89128E-Mail:
Email: sjaffe@lawhjc.com, msylva@lawhjc.com
cwagner@lawhjc.com, lholding@lawhjc.com,
mschwarz@lawhjc.com