UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERRANCE WALKER, | Case No. 3:18-cv-00132-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| INTELLI-HEART SERVICES, INC., *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

*Pro Se* Plaintiff Terrance Walker primarily alleged that Defendants Intelli-heart Services, Inc. ("IHS"), Danny Weisburg, Vanessa Parsons, and Daniel Germain tortiously interfered with his contract with non-party James Winters. (ECF No. 136.) The Court dismissed Plaintiff's case with prejudice under Nevada's anti-SLAPP statute, NRS §§ 41.635-41.670 (the "Statute"). (ECF Nos. 206 ("Dismissal Order"), 207 (judgment).) Before the Court are Plaintiff's motions for reconsideration of the Dismissal Order (collectively, "Reconsideration Motion") (ECF Nos. 208, 209),[1] and Defendants' motions for attorneys' fees and costs (ECF Nos. 210, 213).[2] As further explained below, the Court will deny the Reconsideration Motion because Plaintiff has presented no valid basis for

---

[1] Defendants filed responses, (ECF Nos. 211, 212, 215, 216), and Plaintiff filed replies (ECF No. 215, 217). Plaintiff appears to have filed two motions because he also objects to Magistrate Judge Carla L. Baldwin's decision to stay discovery in this case (ECF No. 157). (ECF No. 209 at 1.) However, Plaintiff previously objected to that order (ECF No. 162), and the Court previously overruled that objection (ECF No. 190). Moreover, the substance of Plaintiff's second motion for reconsideration still appears to be directed at the Dismissal Order. And considering Plaintiff is proceeding *pro se*, the Court will therefore address the two motions as one motion, and ignore Plaintiff's attempted second objection to Judge Baldwin's decision to stay discovery earlier in this case.

[2] Plaintiff filed responses (ECF Nos. 218, 219).

reconsideration. In addition, the Court will mostly grant both attorneys' fees motions, as the Court must under the Statute.

## II. BACKGROUND

Defendant Intelli-heart Services Inc. ("IHS") is a California corporation that provides outpatient, remote heart monitoring services to hospitals and other medical institutions, so they can monitor their patients' hearts while those patients are, say, at home. (ECF No. 136 at 3-4.) "Defendant Vanessa Parsons is the Chief Executive Officer of IHS, and Defendant Danny Weisberg is the President of IHS." (ECF No. 169 at 2.) Defendant Daniel Germain represented IHS as its attorney as relevant to this case. (ECF No. 159 at 2.) The Court otherwise refers to the Dismissal Order, in which it recited the background facts of this case, and does not recite those facts here. (ECF No. 206 at 1-4.)

## III. RECONSIDERATION MOTION (ECF NOS. 208, 209)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted). Further, a district court may decline to consider claims and issues that were not raised until a motion for reconsideration. *See Hopkins v. Andaya*, 958 F.2d 881, 889 n. 5 (9th Cir. 1992), *impliedly overruled on other grounds in Federman v. Cty. of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003). Said otherwise, it is not an abuse of discretion to refuse to consider new arguments in a reconsideration

motion. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925 (9th Cir. 1988).

Plaintiff has not shown he is entitled to reconsideration of the Dismissal Order in his Reconsideration Motion. For the most part, he merely repeats arguments he already raised, and which the Court considered and rejected—either explicitly or impliedly—in the Dismissal Order. More specifically, Plaintiff first makes an argument based on his status as a self-proclaimed second-tier subcontractor. (ECF No. 208 at 1-4.) But the Court explicitly rejected that argument in the Dismissal Order. (ECF No. 206 at 7-10.) Plaintiff next argues non-party Winters was allowed to contract with Plaintiff because the contract between Winters and IHS did not contain an anti-assignment clause. (ECF No. 208 at 5-6.) But the Court found Winters was not permitted to enter into a contract with Plaintiff under the terms of his contract with IHS. (ECF No. 206 at 2-4, 7-10.) Plaintiff then re-argues that Defendants cannot satisfy the protected activity prong of their motions under the Statute. (ECF No. 208 at 6-7.) But the Court also ruled on that issue. (ECF No. 206 at 6-8.) Plaintiff also mischaracterizes the Court's finding that Plaintiff was unlikely to succeed on his unjust enrichment claim, arguing that the Court found Plaintiff had to have a contract with IHS to assert this claim. (ECF No. 208 at 8-9.) The Court made no such finding in rejecting this same argument in the Dismissal Order. (ECF No. 206 at 9-10.) In general, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown*, 378 F. Supp. 2d at 1288. Thus, the Court denies Plaintiff's Reconsideration Motion to the extent it is premised on these arguments.

Plaintiff also raises two new arguments in his Reconsideration Motion. Specifically, he argues the Court should have granted him leave to amend when it dismissed his operative complaint (ECF No. 208 at 9), and the Court should have allowed him to conduct discovery before entering the Dismissal Order (ECF No. 209 at 2-3). These arguments also fail to persuade the Court it should reconsider the Dismissal Order. First, the Court is not required to consider new arguments in the Reconsideration Motion. *See,*

*e.g., Nw. Acceptance Corp.*, 841 F.2d at 925. Second, as to dismissal without leave to amend, the Court made explicit findings regarding why it dismissed Plaintiff's operative complaint without leave to amend in the Dismissal Order. (ECF No. 206 at 10.) Third, the Ninth Circuit considered and rejected these two arguments under factually analogous circumstances.[3] *See Century Sur. Co. v. Prince*, 782 F. App'x 553, 557 (9th Cir. 2019) (finding the district court did not abuse its discretion in denying the plaintiff the opportunity to conduct discovery and dismissing the complaint without leave to amend). There, as here, Defendants' special motions to dismiss "did not challenge 'the factual sufficiency' of Plaintiff's claims, but rather challenged the fact that the claims targeted good-faith communications." *Id.* (*See also* ECF No. 206 at 6.) Thus, the Court need not allow Plaintiff discovery, nor must it grant him leave to amend. *See Prince*, 782 F. App'x at 557.

In sum, Plaintiff's Reconsideration Motion is denied.

## IV. ATTORNEYS' FEES MOTIONS (ECF NOS. 210, 213)

"A strategic lawsuit against public participation, SLAPP for short, is a meritless lawsuit that a plaintiff initiates to chill a defendant's freedom of speech and right to petition under the First Amendment." *Pope v. Fellhauer*, 437 P.3d 171 (Table), 2019 WL 1313365, at *2 (Nev. 2019). If the Court grants a special motion to dismiss under the Statute, as it did here in the Dismissal Order, it must award "reasonable costs and attorney's fees to the person against whom the action was brought[.]" NRS § 41.670(1)(a). However, only attorneys' fees and costs directly attributable to the anti-SLAPP motion(s) are recoverable. *See Prince*, 782 F. App'x at 558. In addition, the Court "*may* award, in addition to reasonable costs and attorney's fees awarded pursuant to paragraph (a), an amount of up to $10,000 to the person against whom the action was brought." NRS § 41.670(1)(b) (emphasis added).

---

[3]Indeed, the Court notes Plaintiff relies on *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1446 (2019), like the plaintiff did in *Prince*, *See Prince*, 782 F. App'x at 557. (*See also* ECF No. 209 at 1-2.) "But *Planned Parenthood* involved an anti-SLAPP motion under California law, not Nevada law." *Prince*, 782 F. App'x at 557. And the Ninth Circuit found *Planned Parenthood* did not require discovery. *See id.*

4

All Defendants seek recovery of their attorneys' fees and costs incurred in bringing their anti-SLAPP motions. (ECF Nos. 210, 213.) As discussed, the Court granted Defendants' anti-SLAPP motions, and dismissed this case in its entirety, with prejudice, in the Dismissal Order. (ECF No. 206.) The Statute mandates that Defendants are entitled to recovery of their reasonable attorneys' fees and costs under these circumstances. *See* NRS § 41.670(1)(a). The Court will thus primarily grant Defendants' attorneys' fees motions. However, the Court declines to award Defendants the additional $10,000 they all seek. (ECF No. 210 at 10-11, 213 at 6-7.) *See also* NRS § 41.670(1)(b) (providing through use of the word 'may' that the Court is not required to grant Defendants' requests for these additional amounts). Defendants are therefore entitled to the fee awards they seek, but not their additional requests for $10,000. The Court addresses the fees motions separately below to discuss certain issues particular to each motion.

### A. Defendant Germain's Motion (ECF No. 210)

Defendant Germain states in his motion that he made reasonable efforts to remove any billing entries unrelated to his anti-SLAPP motion, and to the extent any entries are not clearly related to his anti-SLAPP motion, they are recoverable because they would not have been incurred had Defendant Germain not been inappropriately added to this case. (ECF No. 210 at 5.) Plaintiff replies in pertinent part that some of Defendant Germain's billing entries are unrelated to his anti-SLAPP motion and are therefore not recoverable. (ECF Nos. 218 at 8, 218-2 (listing copy-and-pasted billing entries Plaintiff contends are unrelated).) The Court agrees with Plaintiff in pertinent part.[4]

Defendant Germain may only recover attorneys' fees and costs directly attributable to his anti-SLAPP motion. *See Prince*, 782 F. App'x at 558. Not all of his billing entries clearly relate to his anti-SLAPP motion. (ECF No. 210-1 (including entries such as 'review Plaintiff's motion for partial summary judgment').) The Court will therefore direct

---

[4]To be clear, this does not mean the Court agrees with any of Plaintiff's other arguments in his response to the attorneys' fees motions, which range from irrelevant in the context of the Statute (as to his inability to pay) to frivolous (as to claimed public importance and purported bad faith litigation tactics). (ECF No. 218.)

1 | Defendant Germain to submit a revised declaration, seeking a reduced amount of fees and costs, accompanied only by authenticated billing entries attributable to Defendant Germain's anti-SLAPP motion, within 10 days.

### B. The IHS Defendants' Motion (ECF No. 213)

Unlike Defendant Germain, Defendants IHS, Parsons, and Weisberg (collectively, the "IHS Defendants"), appear to only seek recovery of costs and fees expended on their anti-SLAPP motion. (ECF No. 213-2 (providing only certain billing entries that all appear related to their anti-SLAPP motion).) Plaintiff offers no argument targeted at the amount of fees and costs the IHS Defendants seek. (ECF No. 218.) Moreover, having considered the IHS Defendants' fees request under LR 54-14 and the factors outlined in *Brunzell v. Golden Gate National Bank*, 455 P.2d 31 (Nev. 1969), the Court finds that the IHS' Defendants request is reasonable. The Court awards Defendants 43.6 hours of work multiplied by an hourly rate of $300.00 per hour for a total of $13,080.00 in attorneys' fees.

The IHS Defendants also seek a 'fees on fees' award—fees incurred in preparing their attorneys' fees motion. (ECF No. 213 at 7.) Plaintiff does not respond to this portion of the IHS Defendants' fees motion, or, as noted above, specifically oppose any particular aspect of the IHS Defendants' fees motion. (ECF No. 218.) The IHS Defendants rely on *Plevin v. City & Cty. of San Francisco*, Case No. 11-CV-2359 MEJ, 2013 WL 2153660, at *6 (N.D. Cal. May 16, 2013) to support their request for fees on fees. (ECF No. 213 at 7.) *Plevin* stands for the proposition the IHS Defendants rely on it for, but *Plevin* was applying California's anti-SLAPP law, not Nevada's. *See Plevin*, 2013 WL 2153660, at *6 ("Fees are also recoverable for the reasonable time spent seeking an award of statutory attorneys' fees.") (citation omitted). NRS § 41.670 does not explicitly address whether fees on fees are recoverable, and the Court was unable to locate any caselaw—and the parties have not brought any to the Court's attention—specifying one way or the other. But "[a]bsent controlling Nevada precedent, Nevada courts look to California law for guidance in interpreting Nevada's anti-SLAPP statute when the relevant provisions are

similar." *Prince*, 782 F. App'x 553 at 557 (citation omitted). The Court therefore finds the IHS Defendants' reliance on *Plevin* persuasive, and finds that the Statute—specifically NRS § 41.670—allows for recovery of fees on fees.

The Court will therefore award the IHS Defendants an additional $1,590.00 for the preparation of their motion for fees. That means that, in total, Plaintiff must pay the IHS Defendants $14,670.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's two motions for reconsideration (ECF Nos. 208, 209) are denied.

It is further ordered that Defendant Daniel Germain's motion for attorneys' fees and costs (ECF No. 210) is granted in part, and denied in part, as specified herein. Defendant Germain must submit a revised declaration supported by billing entries reflecting only time spent on his special motion to dismiss under the Statute within 10 days.

It is further ordered that Defendants Intelli-heart Services Inc., Vanessa Parsons, and Danny Weisburg's motion for attorneys' fees and costs (ECF No. 213) is granted in part, and denied in part. As further specified herein, these Defendants are entitled to $14,670 in attorneys' fees and costs.

DATED THIS 7th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE