**Terrance Walker,** *in propria persona*
212 Hillcrest Drive # 1
Reno, NV  89509
Tel: +1.775.971.8679
Email: walkerbillion@gmail.com

### IN THE UNITED STATES DISTRICT COURT FOR NEVADA

| | |
|---|---|
| Terrance Walker : | **CIVIL CASE NO.** <u>3:18-CV-0132-MMD(CBC)</u> |
| Plaintiff, : | |
| vs. : | MOTION FOR FURTHER FINDINGS |
| Intelli-heart Services, Vannessa Parsons : | ON FAR 52.232-40 ON PLAINTIFF'S MOTION |
| Daniel Germain, Danny Weisberg : | FOR REVERSAL DUE TO DEFENDANTS |
| Defendants. : | FRAUD ON THE COURT (EFC 208) |

**COMES NOW**, Plaintiff "Walker" moving for reversal due to Fraud, stating

<u>**MEMORANDUM OF LAW & POINTS AND AUTHORITIES**</u>

**I. INTRODUCTION**

This matter involved allegations of Defendants nefarious conduct surrounding late payments and non-payments of 1st tier Federal Subcontractor James Winters who landed millions of dollars of VA contracts for Intelli-heart Services ("IHS"). IHS' late payments and non-payment to James Winters ("Winters") violated FAR 52.232-40 (a term in IHS' VA contracts).  Along with Defendants' misrepresentations to VA contracting officers, this resulted in late payment/non-payment to Walker – who provided "services" to James Winters IHS' "subcontractor"[ also violative of FAR 52.232-40[1] since Walker provided related "services" to Winters].  **THESE** were the allegations in Walker's action (EFC 136, para 21-31). Defendants were successful in erasing FAR 52.232-40 from the case by misrepresenting Walker's allegations as a mere "subcontractor" under state law (EFC 206, 221) - a **distinctly** different claim.  Walker moved for reconsideration and reversal due to fraud (EFC's 208,pg 1-4; 209).   No mention of FAR 52.232-40, "fraud", "misrepresentations" (EFC's 206, 221) was made in disposing of the motions (EFC 221 pg1  fn. 1, "the Court will therefore address the two motions as one motion").

---

[1] See FAR Council commentary on FAR part 52.232-40:
https://www.federalregister.gov/documents/2013/11/25/2013-28053/federal-acquisition-regulation-accelerated-payments-to-small-business-subcontractors which states that subcontractors ("**not limited to first-tier subcontractors**" -- ¶ 9))

1

Nonetheless, out of abundance of caution (and to preserve error), Plaintiff is requesting further findings on his allegations that Defendants committed fraud to the Court; recasting Walker's assertions about being a 2nd tier subcontractor under FAR 52.232-40, totally misrepresenting Walker's subcontracting claims as being alleged under state law. [Note: being a subcontractor under state law and a subcontractor under FAR 52.232-40 have vastly different meanings as discussed (see e.g. EFC 215, pg 4-7; EFC 208, pg 1-4). A Court finding and/or hearing need to be had since the central finding of the Court dismissing this matter is on the alleged "truthful" ness of Defendants' refutation of Walker being a "subcontractor" [in any way] to the VA. (EFC 206, pg 7 line 14 "statements to this effect were true"). The Court cannot fail to analyze "subcontractor" under FAR 52.232-40 in the proper context of the allegations -- Walker's ONLY allegation in relation to him being a subcontractor under IHS. Walker did not allege being a subcontractor to any *other* "effect". ( EFC 136, para 21-31) (Compare, EFC 206, pg 7 line 14 "statements to this effect were true"). Allegations of being a "subcontractor" under FAR 52.232-40 as opposed to being a "subcontractor" under State law require "substantively different than testimony to that **effect**" Cf. <u>Jones v. Aero/Chem Corp.</u>, 921 F.2d 875, 878 (9th Cir. 1990) Furthermore, the Court misapprehends Walker's assertions in regards to the denial/stay of discovery under <u>Metabolife Intern., Inc. v. Wornick</u> and misconduct in withholding 200+ relevant documents by Defense Counsel as a "**second objection** to Judge Baldwin's decision to stay discovery earlier in this case." (EFC 221, fn 1) (this assertion is nowhere made by Plaintiff – see EFC 217,pg 4, ll 3-6 "Walker 'filed repeated objections to the district court's decision not to allow discovery, arguing that it needed particular discovery as to specific falsity issues,' <u>Metabolife Intern., Inc. v. Wornick</u>, 264 F.3d 832, 838 n.8") Nonetheless, the refusal to hold a hearing and enter findings on these issues would be clear error and an abuse of discretion.

## II.
## LEGAL DISCUSSION

In Jones v. Aero/Chem Corp., 921 F.2d 875, 880 (9th Cir. 1990) , the Ninth Circuit reversed the judgment involving a post-judgment motion where "the district court did not hold a hearing to determine whether there had been misconduct, either knowing or accidental, nor did it make findings on this issue" Id. at 879

Here, there has been no hearing or any finding on Walker's assertions that Defendants committed fraud on the court and has made misrepresentations to recast Walker's allegations of being a subcontractor under FAR 52.232-40 to those under state law.

As Walker thoroughly set forth,

"Defendants misrepresented Walker's SAC as arguing that Walker was their DIRECT subcontractor under Nevada law or under old/inapplicable case law (EFC 169, pg 11) in obtaining dismissal. (EFC 208, pg 3, line 15-17)

And in  (EFC 215, pg 4) Walker thoroughly set forth (See italics below).:

*Defendants even claimed, mis-quoting a 2010 case:*

*"Federal Acquisition Regulations ("FARs') do not apply to "subcontractors" who do not have contracts with the prime contractor."(EFC 169, pg 11, line 3-5)*
*However, Federal Courts NOW hold "under the Federal Acquisition Regulation, a `subcontractor' is defined as `any supplier, distributor, vendor, or firm that furnishes supplies or services to or for a prime contractor or another subcontractor." Per Aarsleff A/S v. United States , 121 Fed.Cl. 603, fn 39 (2015) rev'd on other grounds Per Aarsleff A/S v. United States, 829 F.3d 1303 (Fed. Cir. 2016)*

*On the provisions Walker, relied, Walker clearly showed,*
*".....In November 2013, following guidance memoranda issued by the Office of Management and Budget ["OMB"], the FAR was amended to require a mandatory clause for all contracts (FAR Clause 52.232-40), providing that upon receipt of accelerated payments from a government agency, the prime must accelerate payments to its small business subcontractors 'tothe maximum extent practicable and prior to when such payment is otherwise required under the subcontractor.' See FAR 32.009" (emphasis added) (alterations in "[ ]")(EFC 197, pg 19, fn 6)*
*All that's required under the Federal Acquisition Regulations is that one provide "services" to another "subcontractor" like Walker, admittedly, did for Winters :*
*FAR 52.203-19(a) [48 CFR § 52.203-19(a)] ".......... Subcontractor means any supplier, distributor, vendor, or firm (including a consultant) that furnishes supplies or services to or for a prime contractor or another subcontractor.*
*FAR 52.232-40 [48 CFR § 52.232-40 which refers to 48 CFR § 52.222-54 for the definition] ".......... Subcontractor means any supplier, distributor, vendor, or firm that furnishes supplies or services to or for a prime Contractor or another subcontractor."*

3

*Also See Per Aarsleff A/S v. United States Id.*

In sum, there has been no required findings on FAR 52.232-40, the misrepresentations of Defendants on Walker's allegations of being a subcontractor under state law (as opposed to Walker's explicit allegations of being a 2nd tier subcontractor under FAR 52.232-40), nor has any mention been made of the withholding of 200+ documents by Defendants and the negative effect on this case. There has been nothing mentioned on Walker's claims of Defendant's Fraud on the court.

All of this is directly contrary to the requirements <u>Jones v. Aero/Chem Corp.</u>, Id. At 879 ("the district court must make a fresh determination whether [Walker] has demonstrated "substantial interference" by showing "the material's likely worth as trial evidence or by elucidating its value as a tool for obtaining meaningful discovery." *Id.* at 926" ) <u>Jones v. Aero/Chem Corp.</u>, 921 F.2d 875, 879 (9th Cir. 1990) ("the district court did not hold a hearing to determine whether there had been misconduct, either knowing or accidental, nor did it make findings on this issue" )

Thus, the Court should expand its findings to include an analysis of the issues addressed herein.

## III.
## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that Court expand its findings on Walker's assertions addressed herein.

**WHEREFORE**, Walker prays for an ORDER accordingly.

Respectfully submitted,
<u>By /s/  Terrance Walker         </u>                    Dated:  April. 7, 2020

Terrance Walker

**CERTIFICATE OF SERVICE**

The undersigned certifies that the undersigned is over the age of 18 and that on April 7, 2020, that he personally served, through the court's electronic filing system, one copy of this filing to the parties listed below.   /s/ TERRANCE WALKER signed, Terrance Walker

Copy to:
Will & Kristen Geddes, Esq.
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455  Fax: (775) 853-6899
Will@TheGeddesLawFirm.com,
E-Mail: kristen@thegeddeslawfirm.com

Hall Jaffe Clayton LLP
Steven T. Jaffe
7425 Peak Drive
Las Vegas NV 89128E-Mail:
Email: sjaffe@lawhjc.com, msylva@lawhjc.com
cwagner@lawhjc.com, lholding@lawhjc.com,
mschwarz@lawhjc.com