**Terrance Walker,** *in propria persona*
212 Hillcrest Drive # 1
Reno, NV  89509
Tel: +1.775.971.8679
Email: walkerbillion@gmail.com

**IN THE UNITED STATES DISTRICT COURT FOR NEVADA**

| | |
|---|---|
| Terrance Walker | : **CIVIL CASE NO.** 3:18-CV-0132-MMD(CBC) |
| Plaintiff, | : |
| vs. | : OBJECTION TO GERMAIN'S REVISED |
| Intelli-heart Services, Vannessa Parsons | : COSTS WHICH IMPROPERLY ALTERED |
| Daniel Germain, Danny Weisberg | : THE PREVIOUS BILL OF COSTS |
| Defendants. | : ENTRIES WITH NEW LABELS |

**COMES NOW**, Plaintiff "Walker" moving for reversal due to Fraud, stating

### MEMORANDUM OF LAW & POINTS AND AUTHORITIES

**I. INTRODUCTION**

As to Germain's submissions of Costs in this matter the Court said,

"Not all of his billing entries clearly relate to his anti-SLAPP motion. (ECF No. 210-1 (including entries such as 'review Plaintiff's motion for partial summary judgment').) The Court will therefore direct    Defendant Germain to submit a revised declaration, **seeking a reduced amount of fees and costs**, accompanied only by authenticated **billing entries attributable t**o Defendant Germain's anti-SLAPP motion..."  (EFC 221, pg 5 ll. 23-25  to pg 6 ll.1-3)

Instead of omitting the $8,026.50 of costs which were clearly out of scope (as Walker pointed out  (EFC 218-2)), Germain has merely altered the billing entries to try to make them within the scope of the Anti-Slapp motion.  Germain added new entries tacking on "motion to dismiss" or "anti-slapp" labels where they weren't before,  failed to remove the entries complained  of (EFC 218-2) and has still submitted the same $11,000+ in fees.  Germain does not explain how the $8,026.50 differential in it's costs submissions were not reduced.

Germain verified under perjury that his records were accurate in submitting roughly $11,000 in costs before (EFC 210-1) and does so again (EFC 225-1).  Both declarations cannot be true given the $8,026.50 differential of the costs pointed out which were in error.(EFC 218-2)

 The Court should disallow costs and refuse to make up for Germain's sloppy, and arguably, fraudulent revised declaration of costs.  Germain "should not be permitted to escape the consequences of their conduct, which certainly speaks louder than the conclusory words they offer in their testimony in this court about the propriety of the Bill of Costs." Morris Law Office PC v. Tatum, 388 F.Supp.2d 689, 704 (W.D. VA. 2004)  *See Montanez,* 755 F.3d 547, 559 (7th Cir. 2014) (holding that the district court need not "make up for the lawyers' lack of documentation" in a bill of costs)

1

# III.
# CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that Court deny Germain costs, in entirety.

**WHEREFORE**, Walker prays for an ORDER accordingly.

Respectfully submitted,

By /s/  Terrance Walker                    Dated:  April. 14, 2020

Terrance Walker

## CERTIFICATE OF SERVICE

The undersigned certifies that the undersigned is over the age of 18 and that on April 14, 2020, that he personally served, through the court's electronic filing system, one copy of this filing to the parties listed below.   /s/ TERRANCE WALKER signed, Terrance Walker

Copy to:
Will & Kristen Geddes, Esq.
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455  Fax: (775) 853-6899
Will@TheGeddesLawFirm.com,
E-Mail: kristen@thegeddesslawfirm.com

Hall Jaffe Clayton LLP
Steven T. Jaffe
7425 Peak Drive
Las Vegas NV 89128
E-Mail:
Email: sjaffe@lawhjc.com, msylva@lawhjc.com
cwagner@lawhjc.com, lholding@lawhjc.com,
mschwarz@lawhjc.com