TERRANCE WALKER
212 Hillcrest Drive
Reno, NV  89509
Telephone:  (775) 971-8679
Email:         walkerbillion@gmail.com

UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

TERRANCE WALKER,

       Plaintiff,

v.

INTELLI-HEART SERVICES INC, DANIEL WEISBERG, DANIEL GERMAIN, and VANESSA PARSONS

       Defendants.

CASE NO. 3:18-cv-0132-MMD-CBC

**MOTION FOR FURTHER FINDINGS ON (1) DEVERAS ALLEGATIONS AS DEFENDANTS' LATE PAYMENTS TO OTHER WORKERS, (2) GOOGLE'S SEARCH CAPABILITIES, (3) RULE 62.1/60(b)(3) "EVIDENCE" REQUIREMENTS, (4) SANCTIONS ON DEFENDANTS STRAW MAN ARGUMENTS, AND (5) RULES 60(b)(1), 60(b)(3), 60(b)(6) AS ACTUALLY RAISED IN WALKERS MOTION EFC 233**

Plaintiff("Walker") moves for Further FINDINGS on his Rule 62.1/60(b)(1,3,6)motion: Walker filed a motion under, inter alia, **Rules 62.1,** (EFC 233, pg 9, ll. 4-5) due to Defendants' **misconduct** in withholding evidence on Anti-Slapp claim that the Complaint (EFC 136, "SAC") targeted Defendants' "good faith communications" to the VA (EFC 206,pg 6-7). Defendants had told the Dept. of Veteran Affairs("VA") that all payments they made to James Winters("Winters") (in 2017) were "timely" (SAC ¶ 73).  Yet, Dexter Devera, through two attorneys, states that Defendants Intelli-heart Services Inc ("IHS"), had a long practice of **paying multiple workers** late since April 2017[1].  In its Order (EFC 237), The Court made a number of ipse dixits (following Defendants[2]) : (1) Walker could have googled Devera's complaint on earlier (EFC 237, pg 3). However, Walker said he Googled monthly for a year until June 5, 2020 –EFC 233-1) (2) That IHS ONLY paid Devera late(EFC 237, pg 3) , But See(fn.1)  (3)   That Rule 62.1 requires ADMISSIBLE evidence. (4) EFC 233 was based on Rule 60(b)(2). The Court failed to read EFC 233.

---

[1] (EFC 233-1 ¶ 17 "IHS reneged on compensation agreements"; ¶ 18 "Parsons admitted the checks bounced"; -19; "Weisberg got angry for cashing his paycheck the day he received it")

[2] Scott L. Garland, Avoiding Goliath's Fate: Defeating a Pro Se Litigant, 24 LITIG. 45, 46 (1998) (commenting that in his experience as a clerk at a federal district court, "[m]any lawyers seem to think that litigating against a pro se party gives the lawyer license to litigate like a pro se party, by omitting legal citations, making conclusory statements, forgoing affidavits and evidence in favor of ipse dixit, and failing to evaluate the opponent's arguments.")

and Walker's reply filings.

## MEMORANDUM OF LAW AND POINTS AND AUTHORITIES

### A. BACKGROUND

There are some serious problems with the Court's ruling:

1) Googles results (and algorithms) are not uniform at all times as the Court simply presumes.  Google results are further tainted because "Google tailors search results depending upon the computer used to conduct the search" Calista Enterprises Limited. v. Tenza Trading Ltd. 43 F.Supp.3d 1099, 1120 (D. Or. 2014) ;"Google's algorithm determines search rankings" *Brignac v. Yelp Inc.*, Case No. 19-cv-01188-EMC, * 8 (N.D. Cal. Jun. 5, 2019).  Walker said only found the Devera complaint "after diligent searching monthly for a year" (EFC 233-1, pg 1, ll. 15)

2) "it was IHS' practice to pay…..two or three days later or post date the paychecks". (EFC 233-1 para 18). There was no special exception noted by Devera for anyone else, like Winters who the court has found to be a "independent salesperson" (EFC 237, pg 3 line 2).  In fact Devera said, EFC 233-1 ¶ 17"IHS reneged on compensation agreements"

3) Instead of relying upon Rule 62.1, the Court ODDLY cites a summary judgment case to say that Rule 62.1 requires evidence.  (EFC 237, pg 2, ll.20-23 "the complaint in this case cannot be considered as evidence at this summary judgment stage"").

4) The Court cites rule 60(b)(2) (EFC 237, pg 3, line 21). which motion EFC 233 was not based upon. Defendants' had claimed that the Court ducked other issues (EFC 236, pg 2). Now the Court ducked Rule 60(b)(1), (b)(3), or (b)(6) issues relying upon other straw men.

### B. LAW

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect;  .; (3) fraud . . . by an opposing party, . .  or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6). Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

### C. ARGUMENT

Walker's Rule 62.1/60(b)(1)/60(b)(3)/60(b)(6) motion (EFC 233, 236) was denied based upon a rule he never relied upon. [60(b)(2) (EFC 237, pg 3, line 21)]   The Court presumed Google's search results yielded Devera's complaint a year ago – a fact not in record and is not recognized by authority.  "Google tailors search results depending upon the computer used to conduct the search" Calista Enterprises Limited. v. Tenza Trading Ltd. 43 F.Supp.3d 1099, 1120 (D. Or. 2014) ;"Google's algorithm determines search rankings" *Brignac v. Yelp Inc.*, Case No. 19-cv-01188-EMC, * 8 (N.D. Cal. Jun. 5, 2019). Walker said only found.  Next the Court found Dexter Devera's complaint only alleged he was paid late,.  Yet,  Devera said multiple workers were paid late, even those with other compensation agreements: "it was IHS' practice to pay…..two or three days later or post date the paychecks". (EFC 233-1 para 18).  (EFC 233-1 ¶ 17 "IHS reneged on compensation agreements"; ¶ 18 "Parsons admitted the checks bounced"; -19; "Weisberg got angry for cashing his paycheck the day he received it"). The Court failed to rule on Walker's Rule 60(b)(1), (b)(3), or (b)(6) issues and authorities (EFC 233,236) and failed to issue Sanctions upon Defendants for their straw man arguments (EFC 236, Div V). The Court even claimed Walker was to provide evidence with his Rule 62.1 motion, but cited a summary judgment case (which is governed by a completely different rule). The Court should correct these "(1) mistake[s], …  .; (3) fraud . . . by an opposing party," See  Rule 60(b) Walker has, thus, been provided a dubious ruling on bogus facts and the wrong rule.

  At the very least,  in order to prevent multiple unnecessary reversals, the court should fully explain its ruling as it actually pertains to the arguments, rules, and authorities cited by Walker.  Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Center, Inc., 490 F.3d 718, 725 (9th Cir. 2007)("we must remand to that court to reconsider its decision and to set forth its reasons for whatever decision it reaches, so that we can properly exercise our powers of review.")

**D. CONCLUSION**

In keeping with Walker's due process rights as a citizen, he deserves better and the Court could, respectfully, do better. The Court should reconsider/clarify

its findings on (EFC 233).

It's becoming apparent to multiple people that the errors are no accidents. At this time in this country, it is especially abhorrent and will be recognized and noticed.

**WHEREFORE**, Walker prays for an order in his favor, accordingly.

Respectfully submitted,

By /s/Terrance Walker
Terrance Walker                                                                                    Dated: July 6, 2020

CERTIFICATE OF SERVICE

The undersigned certifies that the undersigned is over the age of 18 and that on July 6, 2020, that he personally served, through the court's electronic filing system, one copy of this filing to the parties listed below.
/s/ TERRANCE WALKER
signed, Terrance Walker

| Copy to: Will & Kristen Geddes, Esq. P.C. | Hall Jaffe Clayton LLP |
|---|---|
| THE GEDDES LAW FIRM, | Steven T. Jaffe |
| 1575 Delucchi Lane, Suite 206 | 7425 Peak Drive |
| Reno, Nevada 89502 | LasVegas NV 89128 |
| E-Mail:kristen@TheGeddesLawFirm.com | Email: sjaffe@lawhjc.com |
| Phone: (775) 853-9455 | |
| Fax:(775)853-6899 | |