**Terrance Walker**
518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**

## IN THE UNITED STATES DISTRICT COURT IN AND FOR NEVADA

Terrance Walker

        Plaintiff,

    v.

Intelli-heart Services Inc. et. al

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  3:18-CV-0132-MMD(CBC)

**MOTION FOR RELIEF UNDER 60(b)(4) RULE 60(b)(6) DUE TO NEW SUPREME COURT AND CIRCUIT PRECEDENT <u>Berk v. Choy and Ratha v. Rubicon</u>**

**& REQUEST TO BE HEARD REMOTELY**

**COMES NOW**, Defendant Terrance Walker herein referred to as Walker or Plaintiff moving for relief under F.R.Civ.P. 60(b)(4) and 60(b)(6) , stating:

Plaintiff Terrance Walker respectfully moves this Court for relief from Nevada Anti-Slapp judgment entered on March 4, 2020 (ECF 206), the associated assessment of costs, and fees,. This motion is necessitated by a structural shift in federal procedure: the Supreme Court's definitive ruling in **<u>Berk v. Choy</u>**, 607 U.S. ___ (2026)[1] and the Ninth Circuit's en banc mandate in **<u>Ratha v. Rubicon Resources, LLC</u>**, No. 23-55299 (9th Cir. Feb. 20, 2026)(en banc)[2].

    **RULE 60(C) Note:**    This motion is filed within 90 days of the January 20, 2026, ruling in *Berk* and within weeks of the February 20, 2026, mandate in *Ratha* so it is filed in a reasonable time

## I. THE JUDGMENT IS VOID: THE ENABLING ACT UNDER *BERK V. CHOY*

---

[1] www.supremecourt.gov/opinions/25pdf/24-440_1b82.pdf
[2] cdn.ca9.uscourts.gov/datastore/opinions/2026/02/20/23-55299.pdf

The 2020 judgment is void under Rule 60(b)(4) because it was entered through a "misguided experiment" that exceeded the court's statutory authority. Plaintiff has long argued that state-law anti-SLAPP procedures—which require proof of a "probability of success" before discovery—violate the **Rules Enabling Act**. As Plaintiff previously urged, "Rules 8, 12, and 56 are valid under the Rules Enabling Act and the Constitution and govern the same basic question as the... anti-SLAPP statute". In January 2026, the Supreme Court in **Berk v. Choy** confirmed this exact position. (“*we underscore that ‘the substantive nature of [a state] law, or its substantive purpose, makes no difference.’ Shady Grove, 559 U. S., at 409 (plurality opinion). To determine whether a Rule is valid **under the Rules Enabling Act, the only question is whether it “really regulates procedure.**’ Sibbach, 312 U. S., at 14*.”) The Court held that **Federal Rule of Civil Procedure 8** provides the exclusive "ceiling" for what a plaintiff must provide at the start of a suit. (“Rule 8 does, so it governs, and *Delaware’s* affidavit *law* does not apply in federal court”) Any state law (like Nevada’s anti-SLAPP statute) that demands an evidentiary "merit-screening" gatekeeper "crashes headlong" into Rule 8 and is therefore inapplicable in federal court. **Berk**   Because the 2020 dismissal "effectively allow[ed] the state anti-SLAPP rules to usurp the federal rules," the court acted beyond its power, rendering the judgment a legal nullity or void ab initio. The Supreme Court has now confirmed the court lacked the subject-matter jurisdiction to enter a dismissal on state-law procedural basis.

**II. THE *RATHA* MANDATE: DILIGENT LITIGANTS LIKE WALKER DESERVE RELIEF**
The Ninth Circuit’s en banc decision in **Ratha v. Rubicon Resources, LLC**, creates a "rare reversal" principle that this Court must follow. In *Ratha*, the court held that a district court **legally errs** when it denies Rule 60(b)(6) relief to a litigant who (1) was diligent in pursuing their claim and (2) is subsequently vindicated by a "seismic" or "clarifying" change in law. Here, both are satisfied.
**1. Supreme Court Diligence and the Entitlement to Equitable Relief in this extraordinary case**
Plaintiff’s diligence in this matter is extraordinary. The "change in law" occurred after Plaintiff exhausted every possible avenue, including a Petition for Certiorari all of the way to the Supreme Court in **Walker ex rel. United States v. Intelli-Heart Servs., Inc.,** No. 20-15688, 2021 WL 4316835 (9th Cir. Sept. 23, 2021) cer den 142 S.Ct. 1115(2022) In his Cert petition[3], Plaintiff correctly identified the structural conflict in the judgment that the Supreme Court later resolved in

---

[3]  www.supremecourt.gov/DocketPDF/21/21-832/204158/20211206135140524_20211206-134909-95755286-00001120.pdf

*Berk*. As *Ratha* emphasizes, a litigant like Walker who identifies a legal error before the courts are ready to grant it is "prescient" and entitled to equitable relief. As the Ninth Circuit en banc emphasized in *Ratha*, a district court legally errs when it denies relief to a **'prescient' litigant**—one who correctly identified a legal error (the *Shady Grove* conflict) and fought it to the Supreme Court years before the high court eventually vindicated that position in like the Court did here in *Berk*

**2. Preempting the Finality Defense Due to Federal Procedural Law Precedent Change**

Defendants may argue for "finality," but <u>*Ratha*</u> holds that "the interests of justice" outweigh finality when a court has relied on a procedural mechanism that has been fundamentally repudiated as was this case. As an aside, the 2023 circuit panel decision in this case (Case No. 22-15291) suggested that state-law clarifications like that in *Spirtos* were not enough to reopen the case. However, <u>*Berk v. Choy*</u> is not a state-law clarification; it is a **Supreme Court mandate on federal procedural law** that removes the "legal wall" previously cited by this Court. *Berk* is a **United States Supreme Court mandate** that explicitly defines **Federal Rule 8** as the exclusive "ceiling" for pleading requirements, rendering the anti-SLAPP "merit-screening" gatekeeper a violation of federal law.

## III. RESTITUTION OF COSTS AND REINSTATEMENT

Plaintiff was assessed thousands of dollars in costs based on an unconstitutional "probability of prevailing" standard that "improperly transform[ed] the motion to strike... into a motion for summary judgment without... procedural safeguards". Because the judgment assessing these costs "directly collided" with the Federal Rules, Plaintiff is entitled to restitution.

## IV. CONCLUSION

The Supreme Court and Ninth Circuit en banc have now confirmed what Plaintiff told this Court in 2020: the anti-SLAPP procedure "cuts an ugly gash" through the federal rules. Under the authority of **Berk** and **<u>Ratha</u>**, this Court cannot dismiss this motion as a "burdensome filing." It must address the structural error that deprived Plaintiff of his day in court. Justice requires the judgment be vacated and the case reinstated. Relief under Rule 60(b)(4) must be granted because the judgment is void and relief under Rule 60(b)(6) must be granted because **<u>Berk</u>** changed the law that Walker had long urged was the correct interpretation of the federal rules due, *inter alia*, the Enabling Act and his legal position that has been seismically vindicated.

**WHEREFORE**, Plaintiff prays that the judgment (ECF 206) and all associated costs, fees, and assessments be vacated or set aside and that the case be reinstated. Should a hearing be necessary, it should be remote.

Respectfully Submitted,

/s/ Terrance Walker

**Terrance Walker** *Plaintiff*