518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**

## IN THE UNITED STATES DISTRICT COURT IN AND FOR NEVADA

Terrance Walker

   Plaintiff,

   v.

Intelli-heart Services Inc. et. al

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  3:18-CV-0132-MMD(CBC)

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE ORDER (EFC 270) PURSUANT TO F.R.Civ.P. 59(e) CONSIDERING New precedents *Berk v. Choy*, 607 U.S. ___ (2026) and *Ratha v. Rubicon Resources, LLC*, 168 F.4th 541 (9th Cir. 2026) (en banc)**

**COMES NOW**, Plaintiff Terrance Walker moving for relief under F.R.Civ.P. 59(e) , stating:

**I.   INTRODUCTION** Plaintiff respectfully moves this Court to alter or amend its Minute Order (ECF 270) summarily denying his Motion for Relief (ECF 269). While the Court characterizes this as "yet another" attempt to seek review, it fails to distinguish between past filings and the current motion, which is grounded in **binding 2026 precedents** that did not exist during prior proceedings.

**II. ARGUMENT**

**A. The Court is Bound by Intervening Higher Authority under *Miller v. Gammie* Under *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), district courts are strictly bound by intervening decisions from the Supreme Court that undercut the theory or reasoning of prior rulings. The Supreme Court's decision in *Berk v. Choy*, 607 U.S. ___ (2026),** has "seismically" overrode the procedural basis of the 2020 judgment in this case and has *not* been considered "yet another" time.

- **The Conflict:** The 2020 judgment (ECF 206, 207) relied on a state-law "merit-screening" standard that *Berk* has now declared a violation of **Federal Rule 8** and the **Rules Enabling Act**.

- **The Mandate:** Per *Miller v. Gammie*, this Court must reject its prior interpretation as having been "effectively overruled" by the Supreme Court.

**B. Summary Denial of a "Prescient Litigant" Motion is an Abuse of Discretion** In *Mendenhall v. Barber-Greene Co.*, 28 F.3d 1181 (9th Cir. 1994), the Ninth Circuit established that it is an **abuse of discretion** for a district court to follow the "law of the case" when intervening Supreme Court authority has changed the controlling law.

- *Ratha v. Rubicon* **(2026) Integration:** The Ninth Circuit's en banc mandate in *Ratha v. Rubicon Resources, LLC*, **168 F.4th 541 (9th Cir. 2026)**, further clarifies that a court "legally errs" when it denies relief to a "prescient" litigant.
- **Plaintiff's Prescience:** Plaintiff correctly identified the *Shady Grove* and Rules Enabling Act conflict in his **2021 Petition for Certiorari (No. 21-832)**. Because this position has been vindicated by *Berk*, the interests of justice now outweigh finality.

**C. Rule 60(b)(4) Relief for Void Judgments is Not "One-and-Done"** Under **Rule 60(b)(4)**, a judgment is a "legal nullity" if it was entered in excess of the court's statutory authority. Because *Berk* clarifies that state anti-SLAPP standards cannot "usurp" federal rules, the 2020 dismissal was void *ab initio*. A motion to vacate a void judgment is not subject to standard preclusionary bars when the jurisdictional or procedural defect is clarified by intervening higher law.

**III. CONCLUSION** The Court's summary denial (ECF 270) failed to engage with the binding 2026 mandates of the Supreme Court and Ninth Circuit. Justice requires the Court to vacate the 2020 judgment and reinstate the case.

**WHEREFORE,** Plaintiff respectfully requests that the Court vacate its summary denial (ECF 270) and address the merits of the structural and constitutional errors raised in ECF 269.

Respectfully Submitted,

/s/ Terrance Walker

**Terrance Walker**

2